D. R. SORTWELL *v.* THE MONTPELIER & WELLS RIVER R. R. CO.

IN THE MATTER OF B. F. MERRILL.

[IN CHANCERY.]

*Interest. Chancellor cannot modify a Mandate so as to allow Interest.*

The report of the master, the decree of the Court of Chancery, the mandate from the Supreme Court affirming the decree below, were all silent upon the subject of interest. *Held*, that the chancellor in making a final decree could not change the mandate so as to allow interest.

APPEAL from the decree of the Court of Chancery of Washington County. REDFIELD, Chancellor, in rendering a final decree after the cause came back from the Supreme Court allowed interest from the date of the original decree.

*S: C. Shurtliff,* for the defendant, cited *Sturgis* v. *Knapp,* 36 Vt. 439.

*Charles W. Porter,* for the petitioner, cited *Gale* v. *Butler,* 35 Vt. 451; 2 Dan. Ch. 1255, n.; R. L. s. 1393; 1 Am. Lead. Cas. 532; *Campbell* v. *Mesier,* 6 Johns. Ch. 21; 2 Bland Ch. 371.

The opinion of the court was delivered by

ROYCE, Ch. J. This case was heard in the County Court on the report of a master, and the report was silent upon the subject of interest. The County Court passed a decree upon the report for the orator, but the defendant was not ordered by the decree to pay interest. An appeal was taken by the defendant, and the Supreme Court affirmed the decree and remanded the case. The right to interest does not appear to have been considered by the

Supreme Court; and in the mandate remanding the case to the Court of Chancery for final decree, no direction was given that interest should be computed upon the decree. The appeal vacated the decree; and there was no enforceable debt or claim until a decree was made under the mandate. The general rule is that a claim does not bear interest, unless there is a contract to pay it, until it becomes due and payable. In order to justify the decreeing of interest it should have been provided for in the mandate. If it had appeared that the claim upon which the decree was based was an interest-bearing claim the delay occasioned by the appeal would not defeat the right to such interest as the law gave. The mandate, as far as the amount for which a decree was to be made was concerned, was, as we construe it, to make such a decree as the one was that was appealed from; and the chancellor had no right to change that amount by decreeing the payment of interest. The decree, directing interest to be paid upon the decree, is reversed and the cause remanded.