# SHERMAN & ADAMS *v.* WINDSOR MANUFACTURING CO.

## [In Chancery.]

*Mandate, Chancellor cannot Modify so as to allow Statute of Limitations to be Pleaded. Practice. Appeal. Demurrer. R. L. s. 775.*

1. When, after several delays caused by the defendant, the Supreme Court affirms the decree below overruling a demurrer to the bill, and remands the case with a mandate, the mandate is obligatory on the Court of Chancery; and it has no power to allow the defendant to withdraw the demurrer and plead the Statute of Limitations; and especially is this so, as the same question could have been raised by the demurrer; and also as the defendant had moved in the Supreme Court for leave to withdraw the demurrer and to answer, and the case was left "with the court," for counsel to furnish briefs within a time certain, and defendant failing to furnish a brief, the decree below was affirmed; the circumstances being the same as when the motion was first made.

2. Lapse of time may be availed of by demurrer when the objection appears on the face of the bill.

3. The decree of the chancellor was not appealable.

BILL IN CHANCERY. Heard on motion of the defendant, March Term, 1884, VEAZEY, Chancellor. Motion denied.

*William Batchelder*, for the defendants.

If in the judgment of the chancellor justice requires it, it is within his power to allow an answer to be filed. *Gale* v. *Butler*, 35 Vt. 451; *Barker* v. *R. R. Co.* 27 Vt. 700; *In re Chickering*, 56 Vt. 92; *Canerdy* v. *Baker*, 55 Vt. 581; 28 Vt. 85. The demurrer only prays judgment whether answer should be made or not. The mandate does not interfere with the allowance of an answer. Story Eq. Pl. 436; Dan. Ch. 543; Mitf. Eq. Pl. 16. The affirmance of the decree only decides that there is enough equity in the bill to allow it to remain in court, and that it should be answered. The court could not decide more, for nothing else was before it.

*Slason* v. *Cannon*, 19 Vt. 220; *Dunshee* v. *Parmelee*, Ib. 172. The order of the chancellor was not a final decree; it was interlocutory, and should have been vacated if justice required it. Dan. Ch. 986; *Forbes* v. *Tuckerman*, 115 Mass. 115; *Gerrish* v. *Black*, 109 Mass. 474; 79 N. C. 310; 1 Johns. Ch. 88; 4 D. M. & G. 115. It is not the practice to grant final decrees on overruling demurrers. Dan. Ch. 601; 52 Me. 544; 1 Blackf. 287.

*Prout & Walker*, for the orators.

The bill is substantially the same which was before the court in the case reported in 47 Vt. 430. Here is nothing appealable. *Hall* v. *Lamb*, 28 Vt. 85; R. L. s. 771. The order was right: (1) because, after the Supreme Court has ordered a decree, the Court of Chancery has no right to re-open the litigation: *Sortwell* v. *M. & W. R. R. Co.* 56 Vt. 186; (2) at this stage of the case, the court will not permit delay to enable this unmeritorious defence to be set up: Wood Lim. 14; (3) the place to make the application was in the Supreme Court: *Bailey* v. *Holden*, 50 Vt. 22; R. L. s. 775; *Trim* v. *Baker*, 1 Tur. & Rus. 253; (4) it has been made in the Supreme Court, and denied: *Canerdy* v. *Baker*, 55 Vt. 578; the question of the Statute of Limitations was presented by the demurrer: Story Eq. Pl. s. 484; *Foster* v. *Foster*, 51 Vt. 216.

The opinion of the court was delivered by

ROWELL, J. The original bill in this case was brought to the September Term, 1880, of the Court of Chancery, to which a general demurrer was filed, which was overruled *pro forma* at the September Term, 1883, and a decree passed for the orators according to the prayer of the bill, from which the defendant appealed.

At the January Term, 1884, of the Supreme Court, the defendant moved for leave to withdraw its demurrer and answer over, " and raise the same questions by answer that

could be raised by demurrer." The cause was left "with the court," for counsel to furnish briefs within a time certain, which not being done on the part of the defendant, said motion was overruled, the decree affirmed, and the cause remanded, with mandate.

At the March Term, 1884, of the Court of Chancery, a decree for the orators was entered pursuant to mandate, and the cause referred to a master to take the account; after which, but at the same term, the defendant moved that the decree be reversed and set aside, with leave to answer or plead, and showed by affidavit that it desired to set up the "Statute of Limitations as a defence." The court found that the condition and circumstances then were the same as when said motion was made in the Supreme Court, no new facts having intervened, and denied the motion, on the ground that the mandate of the Supreme Court was obligatory upon it; and the defendant appealed.

It is obvious that the defendant is now asking for an opportunity to renew a question that was really raised by its demurrer, and might have been litigated under it had the defendant so elected, but which in effect was decided against it by the Supreme Court when it affirmed the decree of the Court of Chancery; for it is now well settled that lapse of time as a bar to a suit in equity may be availed of by demurrer when the objection appears on the face of the bill, as whatever objection of that kind there is does in this case. Nor is this motion different in legal effect from the one made and denied in the Supreme Court.

In this state of the case, the mandate of the Supreme Court was obligatory on the Court of Chancery, and it was its duty to proceed to carry it into effect, as it did. R. L. s. 775. Nor does an appeal lie in such a case.

Appeal dismissed with costs.