E. A. JONES ET AL. *v.* C. H. STEARNS, ADMR. ET AL.

February Term, 1922.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed July 18, 1922.

*Equity—Demurrer—Final   Order   or   Decree—Appeal—When Court Will Act of Its Own Motion.*

1.   A decree adjudging a bill in equity insufficient and sustaining a demurrer thereto, is not a final order or decree from which an appeal is authorized under G. L. 1561.
2.   Where it appears on the face of the papers that an equity case is not properly in Supreme Court, the Court will act of its own motion and dismiss the appeal.

BILL IN EQUITY to determine the amount due plaintiffs for care and support of one Rosepha A. Palmer, deceased, during her lifetime, and to have certain property adjudged a trust fund for the payment thereof.   Heard on the demurrer of the defendants, at the June Term, 1921, Windsor County, *Fish,* Chancellor.

Decree adjudging bill insufficient and sustaining demurrer. The plaintiffs filed a motion for an appeal. *Appeal dismissed.*

*Theriault & Hunt* for the plaintiffs.

*F. G. Fleetwood* for the defendants.

SLACK, J.   The plaintiffs seek a decree determining the amount due them for care and support furnished Rosepha A. Palmer, deceased; during her lifetime, and adjudging that the property bequeathed to her by her husband, S. N. Palmer, for her life support was received and held in trust by her to pay for such support, and that the fund so created, as far as necessary for that purpose, be charged with and applied to the payment of their claim.   The defendant Stearns is administrator *de bonis non* with the will annexed of the estate of S. N. Palmer, defendant Farrington is administrator of the estate of Rosepha A. Palmer, the other defendants are residuary legatees under the will of S. N. Palmer, taking what remains of his property, if any, at the decease of Rosepha.

[1, 2]   Defendants Stearns and Farrington severally filed answers, that of Stearns containing special matter going to the merits of the complaint in lieu of a formal demurrer.   No pleadings were filed by the other defendants.   A hearing was had on the demurrer of defendant Stearns, resulting in a decree that ''the bill is insufficient; and the demurrer is sustained.'' This was the only decree or order made in the case by the lower court.   Thereupon, plaintiffs filed a motion for an appeal and the case was submitted as though here on appeal.

The order disposing of the demurrer was not a final order or decree from which an appeal is authorized.   G. L. 1561; *Nelson* v. *Brown,* 59 Vt. 600, 10 Atl. 721; *Page* v. *Page's Admr. et al.,* 91 Vt. 188, 99 Atl. 780, and cases there collected.   Therefore, the motion for an appeal was ineffectual to bring the case to this Court.   Since it appears on the face of the papers that the case is not properly here, this Court will act of its own motion, as the parties have failed to raise the question.   *Page* v. *Page's Admr. et al., supra.*

*Appeal dismissed.*