WHITE RIVER CHAIR COMPANY *v.* CONNECTICUT RIVER POWER COMPANY OF NEW HAMPSHIRE.

October Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed November 5, 1935.

*J. W. Redmond* for the defendant.

*H. G. Barber, M. C. Webber,* and *Frank E. Barber* for the plaintiff.

POWERS, C. J.   In October, 1929, the plaintiff, hereinafter called the Chair Company, brought an action at law against the defendant, hereinafter called the Power Company, to recover damages for injuries to its property resulting from the construction and maintenance of a dam on the Connecticut River at Vernon.   This suit was returnable to the Windham County court, and is now pending therein.

In December of the same year, the Chair Company brought this suit in chancery against the Power Company, seeking therein an injunction against and damages for the same invasions of its legal rights caused by the dam referred to.

The equity suit was duly entered in the court of chancery in Windham County, and in January, 1931, was tried before Chancellor Sturtevant, who found the facts and thereupon dismissed the bill with costs.   From this decree, the Chair Company appealed, and on November 1, 1932, this Court handed down its decision affirming the decree and remanding the case.   105 Vt. 24, 162 Atl. 859.

A rescript went down promptly, but for some unaccountable reason, the same was allowed to lie in the court of chancery without compliance with the mandate of this court until the September Term, 1933, of the court of chancery, when, upon the call of the docket, it was entered "discontinued." Nothing further was done about it until February 6, 1935, when a written motion was made to the court of chancery asking that the case be brought forward, that the entry then be stricken off, and a new entry made in compliance with the decision referred to. This motion was predicated upon two grounds: 1. That the entry was the result of fraud, accident, and mistake; 2. That the court of chancery was without jurisdiction to make any entry other than that required to carry into effect the decision of this court. A hearing was had on this motion, evidence was introduced, and Chancellor Sherman filed his findings of fact, wherein he says he was "unable to find there was any fraud, accident, or mistake" in making the entry above referred to. This failure to find was not excepted to. The motion was denied, and the Power Company appealed. It is this appeal that is now for consideration.

■ ■ The decree of dismissal never became final and effective. With us, all cases in chancery that come to this court are remanded to the court of chancery, where the appropriate decree is made. "They are not ended, however, in the Supreme Court," says Mr. Harman, "but must be remanded for final disposition in the court of chancery, whence they came. There, the proper decrees are entered according to the decision of the court above." Manual of Court Procedure, 239. Full authority for this statement is to be found in *Canerdy* v. *Baker*, 55 Vt. 578, 581, where this court said that as appellate court of the court of chancery, "it does not make the final decree, but issues a mandate to the court of chancery in respect to it."

■ ■ In England, a decree does not become effective until it is enrolled. There, a decree that has not been enrolled is considered as interlocutory, merely. 2 Daniell, Ch. P. & P., 1030. But here, we have no provision for an enrollment, in the English sense of the term, but the signing and entry of the decree is an equivalent therefor. *Gasque* v. *Ball*, 71 Fla. 257, 71 So. 329, 331; *Marshall Engine Co.* v. *New Marshall Engine Co.*, 203 Mass. 410, 89 N. E. 548, 549; *Parsons* v. *Stevens*, 107 Me. 65, 78 Atl. 347, 350. But a mere order for a decree does not amount

to one, and cannot be given effect as such. *Gilpatrick* v. *Glidden*, 82 Me. 201, 19 Atl. 166, 167; *Thompson* v. *Goulding*, 5 Allen (Mass.) 81, 84. See, also *Gray* v. *Cook*, 135 Mass. 189, 190. It is not until a formal instrument is drawn up in "apt and technical language," signed by the chancellor, and filed with the clerk, that it becomes the "definitive judgment" of the court.

█ But the Power Company insists that the court of chancery, upon the remand, was bound by our mandate and was without jurisdiction to do otherwise than obey it. While we agree that, under our practice, though an appeal does not entirely divest the court of chancery of jurisdiction over the matters involved in the suit, *Gale* v. *Butler*, 35 Vt. 449, 451; *Smith* v. *Rutland R. Co.*, 56 Vt. 82, 95; *Westinghouse Elec. & Mfg. Co.* v. *Barre & Mont. Tr. & P. Co.*, 97 Vt. 306, 315, 123 Atl. 201, yet, its power over the matters to be passed upon by this Court is suspended or terminated by the appeal: terminated, if our decision covers all matters involved; suspended, if some are left undisposed of.

█ When the decree in the case was affirmed and the remand made, the only thing the court of chancery could do, without the consent of the Power Company, was to obey the mandate and dismiss the bill. *Sortwell* v. *Montpelier & Wells R. R. Co.*, 56 Vt. 180, 181; *Sherman & Adams* v. *Windsor Mfg. Co.* 57 Vt. 57, 59; *Gordon* v. *Deavitt*, 85 Vt. 338, 339, 81 Atl. 1128; *Houghton* v. *Cook*, 91 Vt. 197, 211, 100 Atl. 115. No questions other than those passed upon by the Court were involved. There was nothing for the court of chancery to consider or pass upon. But we are not prepared to say that a party situated as the Power Company was, could not appear in person in that court and consent to a discontinuance of his suit. Certainly he could do so with the approval of the chancellor. It is not claimed that the client appeared and consented to this entry. It is not expressly found that its solicitor did. Whether or not the latter, by force of his retainer, alone, had authority so to consent is a question not raised or considered.

██ The mere statement of the facts herein involved makes it very apparent that a grevious wrong has been done the Power Company by the entry in question. It has been deprived of a hard-earned victory, and left to defend the action at law without its benefit. But on the record, this court is powerless to

grant relief. We sit in error only, and lack the jurisdiction to act as a higher court of equity. *Hitchcock* v. *Kennison*, 95 Vt. 327, 334, 115 Atl. 156. If there is any escape from the unjust result above referred to, it must be sought in the court of chancery.

*Decree affirmed and cause remanded, with leave to the Power Company to apply to the court of chancery if and as it may be advised.*