RUTLAND COUNTY NAT. BANK *v.* CARL SWYER.

Special Term at Rutland, November, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 1, 1944.

*Vernon J. Loveland* for the defendant.

*Fenton, Wing & Morse* and *Asa S. Bloomer* for the plaintiff.

STURTEVANT, J. In this action the plaintiff seeks to recover on a promissory note alleged to have been executed and delivered to the plaintiff by the defendant. The defendant filed an affidavit of defense. The court held this affidavit insufficient and the case is here before final judgment in accordance with the provisions of P. L. 2072 on the defendant's exceptions to that holding of the court.

The parts of the affidavit here material are as follows:

> "That on his part, defendant agreed to remove or sell the stock and merchandise he then had on certain premises on West Street, so-called, in the city of Rutland; to cease to carry on a furniture business on said

premises; and to vacate said premises, and convey, relinquish, or abandon his equity of redemption in said premises to plaintiff whenever and however plaintiff should desire.

"That on its part, plaintiff agreed to cancel and discharge all its claims, demands, notes and obligations as against said defendant; to waive any right of action it had against said defendant; and at no future time to sue or bring any action at law whatsoever against said defendant for any cause of action then existing.

"That defendant on his part fully performed and carried out his promises and agreements, to his great detriment and to the plaintiff's benefit. That plaintiff on its part failed and refused to perform and carry out its promises and agreements, but to the contrary thereof maintained this present action."

This being a collection suit, the plaintiff is entitled to judgment unless a good and sufficient defense, either in law or in fact, is set forth in the affidavit. County court rule 9, sec. 2. While the affidavit sets up an agreement for the transfer of an interest in land, the defendant contends that his allegation of performance of that agreement removes it from the operation of the statute of frauds. He insists that the affidavit sets up an accord and satisfaction as to the note in suit. That is, the defendant is claiming an affirmative defense and he, therefore, has the burden of establishing it by a fair balance of proof. *Drown's Gdn.* v. *Chesley's Estate,* 92 Vt 19, 24, 102 A 102, LRA 1918 A 1056; *Putnam* v. *Woodard,* 111 Vt 39, 43, 10 A2d 186. To be sufficient, this affidavit must allege facts which, if established, show that there has been an accord and satisfaction as to this note. *Alexander* v. *Chevalier et al.,* 98 Vt 230, 233, 234, 126 A 498. The defendant recognizes these rules and contends that his allegation of performance contained in the affidavit is an allegation that the defendant's equity of redemption in the premises has been conveyed, relinquished *and* abandoned to the plaintiff. An examination of the affidavit shows that this contention is unsound. The defendant's promise in the agreement there set out is entire. As a part of such promise he agrees that he will: "Convey, relinquish *or* abandon his equity of redemption in said premises to plaintiff whenever and however plaintiff should desire."

■ That the affidavit must be construed against the affiant and in favor of the plaintiff is not questioned by the defendant.

■ So far as shown by the allegations here it may be that the defendant is merely claiming that he has carried out his promise "to relinquish or abandon his equity of redemption in the premises to plaintiff." It does not affirmatively appear that there has been a conveyance of such interest by an instrument in writing. Thus we come to a consideration of the application of the provisions of P. L. 2597, which, so far as here material, are as follows: ".... an estate or interest in lands shall not be assigned, granted or surrendered, unless by a writing signed as aforesaid, ....." Because of the provisions of this statute, any attempt by the defendant to transfer his interest in the premises without an instrument in writing is of no force or effect. Therefore, so far as appears from his allegations the defendant may still hold his equity of redemption in the lands. It follows that the affidavit does not allege facts which if proven show a performance of his undertakings set forth in the agreement which is of any force or effect in law. P. L. 2597; also see *Davis* v. *Farr*, 26 Vt 592, 596, 597; *King* v. *Smith*, 33 Vt 22, 25; *Dyer* v. *Graves*, 37 Vt 369, 375, 376. Therefore, the court below was without error in holding that the affidavit of defense is insufficient. In the event that the judgment is affirmed, the defendant has requested that the cause be remanded so that he may have opportunity to apply for equitable relief. Therefore, *the judgment is affirmed and the cause is remanded with leave to the defendant to apply for equitable relief if he be so advised.*