**Appliance Acceptance Co. v. Robert B. Raymond, et al**

[138 A2d 308]

November Term, 1957.

Opinion Filed January 7, 1958.

*William F. Kissell* and *Tony F. Kissell* for the defendants.

*Russell A. Clark, Jr.*, and *Bernard R. Dick* for the plaintiff.

**Holden, J.** The defendants by this appeal seek to obtain a review of an order of one of the superior judges. The bill of exceptions is directed to an order signed by a superior judge, which adjudged the affidavit of defense filed by the defendants to be insufficient.

It appears from the record that the plaintiff instituted a collection suit as defined by Rule 9 of the Rules of County Court, 1946. The defendants thereafter filed an affidavit of defense as provided in Rule 9 (2).

Thereupon the plaintiff questioned the sufficiency of the affidavit by notice in writing. The defendants, relying on their affidavit, notified the plaintiff to appear before a superior judge for hearing as provided in Rule 9.

The order sought to be reviewed states the matter came on for hearing before the Honorable Milford K. Smith, Superior Judge. The affidavit of defense was adjudged insufficient. The order further provides: "Pursuant to Section 2124, V. S. 1947, the undersigned Superior Judge, in his discretion, passes the foregoing to the Supreme Court before final judgment for hearing and determination of the exceptions taken and allowed."

V. S. 47, §2124 provides: "When exceptions are taken and filed in a civil or criminal cause or proceeding in county court or court of chancery, in its discretion such court may pass the same and such cause or proceeding to the supreme court before final judgment, for hearing and determination on the exceptions; and the supreme court shall hear and determine the question upon such exceptions and render final judgment thereon, or remand the same to the county court, as seems just."

The statute upon which this appeal is founded con-

veys no authority to review the decision of a superior judge. It does not provide for the transfer of a cause before final judgment on the order of a superior judge, acting alone.

■ In the absence of a constitutional requirement, the Supreme Court has the power of appellate review only where the right is conferred by statute. *Johnson* v. *Rickard*, 115 Vt 514, 515, 66 A2d 23; *Stevens* v. *Wright*, 108 Vt 359, 360-361, 187 A 518; *Cutting* v. *Cutting*, 101 Vt 381, 384, 143 A 676. The right to review by this Court is granted or withheld at the election of the legislature. *State* v. *Ploof*, 116 Vt 93, 96, 70 A2d 575; *Roddy* v. *Fitzgerald's Estate*, 113 Vt 472, 475, 35 A2d 668; *In re Walker Trust Estate*, 112 Vt 148, 151, 22 A2d 183; *Miles Block Co.* v. *Barre & Chelsea R. Co.*, 96 Vt 526, 527, 121 A 410. Thus far, the legislature has withheld authority to review the decision of a single superior judge. *Stevens* v. *Wright, supra,* at 360; *Bagley* v. *Tudor*, 108 Vt 163, 164, 183 A 335; *Cutting* v. *Cutting, supra,* at 384.

■ The Supreme Court is without jurisdiction to determine the defendants' exceptions. Since the defect is jurisdictional, we are required to dismiss the defendants' exceptions at our own instance. *In re Estate of Towner*, 117 Vt 554, 555, 97 A2d 538; *Beam* v. *Fish*, 105 Vt 96, 99, 163 A 591; *Page* v. *Page's Admr.*, 91 Vt 188, 189, 99 A 780.

*Exceptions dismissed.*