## Appliance Acceptance Co. v. Robert B. Raymond et al

[151 A2d 316]

March Term, 1959.

Present: Hulburd, C. J., Holden, Barney and Smith, JJ.

Opinion Filed May 5, 1959.

154

*William F. Kissell* and *Tony F. Kissell* for the defendants.

*Russell A. Clark, Jr.* and *Bernard R. Dick* for the plaintiff.

**Holden, J.** The defendants bring this appeal to review exceptions to adverse rulings in an action on a promissory note instituted in the Windsor County Court. There has been no assessment of damages against the defendants. The parties are in agreement and concede that no final judgment has been rendered by the county court. The bill of exceptions purporting to pass the cause to this Court was signed by the presiding judge of the Windsor County Court at the June Term, 1958.

This is not an appeal certified before final judgment under V. S. 47, §2124. The transfer order does not so specify. See *Cote* v. *Boise*, 111 Vt 343, 351, 16 A2d 175. Furthermore the defendants' first exception relates to a ruling by the Windsor County Court at the December Term 1955. The presiding judge at the June Term 1958 could not properly certify a question of law arising at a prior term where he did not preside. *Haven* v. *Ward's Estate*, 118 Vt 499, 502, 503, 114 A2d 413; *Beam* v. *Fish*, 106 Vt 219, 221, 172 A 617; *Tucker* v. *Yandow*, 100 Vt 169, 171, 135 A 600.

■ The remaining exceptions are to the preliminary ruling of a superior judge, called upon by the defendants to determine the sufficiency of their amended affidavit of defense under County Court Rule 9. Such a ruling, unless made by the county court, cannot be certified before final judgment under §2124. *Appliance Acceptance Co.* v. *Raymond*, 120 Vt 253, 254, 138 A2d 308. Compare *Rutland County National Bank* v. *Swyer*, 113 Vt 485, 35 A2d 658.

■ Unless a question is properly certified before final judgment pursuant to §2124, appellate review in the Supreme Court cannot be granted until a final judgment has been entered in the trial court. *Beam* v. *Fish*, 105 Vt 96, 97, 163 A 591. The judgment rendered must conclude the litigation in the court below to the extent that if no exceptions were taken, the controversy would end and the case would pass out of court. *Beam* v. *Fish, supra*, 105 Vt at 97. Since this controversy has not ended in the county court and the cause has not proceeded to final judgment, the plaintiff's motion to dismiss this appeal must be granted.

This result requires a remand and the plaintiff has called upon this Court, in this event, to direct that the case stand for entry of judgment. The plaintiff relies on the provisions of paragraph 3, County Court Rule 9, which provides that when an affidavit of defense in a collection suit is adjudged insufficient the case shall stand for summary judgment without trial. Since this case has already been beset with procedural difficulties, we consider the request deserves further comment.

■ This action, at the outset, was in contract on general counts in assumpsit and the original specification limited recovery only to the note described. It was then a collection suit under Rule 9. *Niles* v. *Rexford*, 105 Vt 492, 493, 168 A 714. Later, however, the plaintiff amended its complaint and the original specification, and added a second count declaring specially on a promissory note. Count I continued to be founded on the common counts but the specification did not limit recovery only to the note specified. Without this limitation, the first count did not state a collection suit within the meaning of Rule 9. *Niles* v. *Rexford, supra*, at 493.

156

The defendant answered by a general denial and filed an affidavit of defense setting forth certain claimed affirmative defenses.

To be sure, an action declaring specially on a promissory note, as in the Second Count, is a collection suit within the meaning of paragraph 1 of Rule 9. Thus, if Count II stood alone as the entire complaint in this action, it could be regarded as a collection suit. However, the action as it now stands is not limited to the special declaration. The common counts have also been pleaded with a specification that does not limit recovery to the note described. As to this aspect of the declaration no affidavit of defense was required. The general denial interposed by the defendants has the same force as a plea of the general issue at common law. This is the clear directive of the Practice Act. V. S. 47, §1613 (II). As to Count I, issue has been joined.

■ The remedy for summary judgment provided under Rule 9 has application only in causes where there is no issue of fact to be tried. The rule provides merely a speedy method of determining whether there are any issues of fact. It cannot determine issues already framed. If the defense pleaded raises an issue of fact, summary judgment should not be entered. *Parmelee* v. *Chicago Eye Shield Co.*, 157 F2d 582, 168 ALR 1130, 1133; *Diversey Liquidating Corp.* v. *Neunkirchen*, 370 Ill 523, 19 NE2d 363, 120 ALR 1395, 1398; See also, *Fisher* v. *Sun Underwriters Insurance Co.*, 55 RI 175, 179 A 702, 103 ALR 1097, 1100 and 41 Am Jur, Pleading, §§340-342, pp. 523-525.

In amending Count I from a collection suit to an ordinary action in contract on the general counts, the plaintiff removed the action from the limited class of cases where summary judgment is permitted under Rule 9. On the present state of the pleadings, the cause is not ready for judgment.

*Exceptions dismissed and cause remanded for further proceedings.*