## Luella T. Brown v. Lorne T. Brown

[155 A2d 748]

September Term, 1959

Present: **Holden, Shangraw, Barney and Smith, JJ. and Sylvester, Supr. J.**

Opinion Filed November 3, 1959.

*O' Neill, Delany & Valente* for the defendant.

*Loveland & Hackel* for the plaintiff.

**Shangraw, J.** The defendant brings this appeal before final judgment seeking a review of action by the court of chancery overruling his demurrer to the plaintiff's complaint. The defendant filed merely a notice of appeal as provided in 12 V. S. A. §2382. No order or certification was obtained from the court of chancery to pass the cause to this court. The plaintiff has moved to dismiss the appeal for want of such an order.

■■ 12 V. S. A. §2386 provides:

"In its discretion and before final judgment a county court, a court of chancery, a probate court or a municipal court may permit an appeal to be taken by any party in a civil cause or proceeding, or by the respondent or the state in a criminal cause, to the supreme court for determination of questions of law. The supreme court shall hear and determine such questions and render final judgment thereon or remand the proceedings as justice and the state of the cause may require."

This section requires a discretionary ruling by the court from which the appeal is taken to enable a review of any order prior to final judgment. The disposition of the demurrer was not a final order. *Beam* v. *Fish*, 105 Vt 96, 97, 98, 163 A 591. *Appliance Acceptance Company* v. *Raymond*, 121 Vt 153, 155, 151 A2d 316.

Included in 12 V. S. A. §2382 is the provision: * * * "In cases where appeals are allowed only by permission of court, commission or board, an appeal may be taken only upon such permission."

It is the plain requirement of the new statutory rules of procedure that a cause cannot pass to this court before final judgment without an order of transfer by the tribunal whose action is sought to be reviewed. Since there has been no permission to review the action of the court below in overruling the defendant's demurrer, the plaintiff's motion to dismiss must be granted.

*Motion granted and the appeal dismissed. Cause remanded.*