## Murphy Motor Sales, Inc. v. First National Bank of St. Johnsbury

[159 A.2d 94]
January Term, 1960
Present: **Hulburd, C. J. Holden, Shangraw, Barney and Smith, JJ.**
Opinion Filed March 2, 1960

*John A. Swainbank* for the plaintiff.

*Arthur L. Graves* and *James B. Campbell* for the defendant.

**Shangraw, J.**   The plaintiff seeks a decree enjoining the defendant from moving a diner, owned by the defendant, onto premises of Sherman R. Warren and Thea R. Warren, husband and wife, located in St. Johnsbury, Vermont.   It is alleged in the bill of complaint that the Warren premises are within a residential zone, and that the existing zoning regulations restrict and prohibit the placing of the diner upon these premises.

The bill of complaint is dated June 13, 1959 and on the same date, and before service of the bill, a temporary restraining order was issued by the chancellor.   The defendant filed its answer and demurrer.   Hearing was had on the demurrer, and also on the question as to whether the temporary injunction should continue, pending final hearing on the merits of the bill. On June 23, 1959 a formal order was made dissolving the restraining order.   The following day a docket entry was made of the chancellor's ruling upon the demurrer which reads: "Defendant's demurrer  is sustained; plaintiff's complaint adjudged insufficient in law, defendant to recover its costs, exceptions to the plaintiff."   The plaintiff filed a notice of

appeal under 12 V. S. A. §2382, to the action of the chancellor in sustaining the demurrer.

The chancellor signed no order sustaining the demurrer and dismissing the bill. The chancellor, by the docket entry, apparently attempted and intended a final entry. However, no order or decree was made dismissing, or otherwise finally disposing of, the complaint. As stated in *White River Chair Co.* v. *Conn. River Power Co.*, 107 Vt. 519, 523, 181 A. 284, "It is not until a formal instrument is drawn up in apt and technical language, signed by the chancellor, and filed with the clerk, that it becomes the definitive judgment of the court."

■■ The record discloses no action by the chancellor which, if not excepted to, would have ended the controversy and passed the cause out of court. *Appliance Acceptance Corp.* v. *Raymond*, 121 Vt. 153, 155, 151 A.2d 316. *Bea* v. *Fish*, 105 Vt. 96, 97, 163 A. 591. Therefore the entry made by the chancellor was not a final judgment or decree, from which an appeal was then authorized. *Jones* v. *Stearns*, 96 Vt. 138, 139, 117 A. 663. *Page* v. *Page's Admr.* 91 Vt. 188, 99 A. 780. *Beam* v. *Fish, supra*, 98, 99; *Appliance Acceptance Corp.* v. *Raymond, supra.* Appellate review in the Supreme Court cannot be granted until a final judgment has been entered in the trial court, unless permission to review is first obtained by the tribunal whose action is sought to be reviewed. *Beam* v. *Fish, supra*, 98, 99; *Brown* v. *Brown*, 121 Vt. 283, 155 A.2d 748, 749. See 12 V. S. A. §§2382 and 2386. No permission to appeal was sought by the plaintiff, or granted by the chancellor, in this case.

Under 12 V. S. A. §2383 it further follows that notice of appeal shall be filed within thirty days after a conformed copy of any appealable judgment, order, ruling, decree or sentence, has been mailed or delivered by hand to the attorney of record for the appealing party, or to the appealing party if he has no attorney of record. The appellant should have known that no final order or decree had been entered because no conformed copy of what purported to be a final decree had been sent to the plaintiff, or its attorney, pursuant to the statute. Therefore, even assuming that the entry constituted

an appealable decree, which is not the fact, the plaintiff was premature in proceeding as it did by way of notice of appeal under 12 V. S. A. §2382.

No formal motion to dismiss the appeal was filed in this case; however, the defendant during argument before this court moved to dismiss the appeal relying on the case of *Brown* v. *Brown, supra.* It is apparent from the record that the case is not properly here but remains in the Court of Chancery. *Ludlow Savings Bank & Trust Company* v. *Knight,* 91 Vt. 172, 173, 99 A. 633. This court is therefore without jurisdiction to entertain the appeal. This holding was applied in the case of *Brown* v. *Brown, supra.* Furthermore, when such fact appears we do not wait for parties to object, but this Court must act of its own motion. *Page* v. *Page's Admr., supra; Jones* v. *Stearns, supra.*

*Appeal dismissed.*