## State of Vermont v. John F. Benjamin, Jr.

[196 A.2d 507]

October Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed December 3, 1963

*Peter F. Langrock,* State's Attorney, for the State.

*John T. Conley* for the respondent.

**Holden, J.** The Addison Municipal Court granted the respondent's motion to dismiss an information which charged him with simple assault in violation of the public peace. The respondent's motion was stated on the ground that he had been judicially declared insane and was presently confined in the Vermont State Hospital by order of the probate court for the district of Addison. An earlier and different aspect of the prosecution is reported in *Langrock* v. *Addison Probate Court,* 123 Vt. 192, 186 A.2d 88.

Relying entirely on a notice of appeal signed by the state's attorney, the State seeks review of the order dismissing the complaint. At oral argument, the State contended that 12 V.S.A. §2382 confers a right to appeal upon the State without other or further action on the part of the trial court.

The jurisdiction of the Supreme Court to hear and determine exceptions reserved by the State is restricted to appeals ex-

pressly authorized by statute. *State* v. *Felch,* 92 Vt. 477, 481, 105 Atl. 23; *State* v. *Velander,* 123 Vt. 60, 61, 181 A.2d 60. The statute which controls the appeal in this instance is 13 V.S.A. §7403: "In a prosecution by complaint, information or indictment for a felony or misdemeanor, upon exceptions taken by the state, questions of law decided against the state by a county or municipal court shall be allowed and placed upon the record before final judgment. When such exceptions are so taken and allowed, in its discretion such court may pass the same to the Supreme Court before final judgment. The Supreme Court shall hear and determine the questions upon such exceptions and render final judgment thereon, or remand the cause to such county or municipal court for further trial or other proceedings, as justice and the state of the cause may require."

There is nothing in this section in conflict with the appellate procedure specified in 12 V.S.A. §2382. No appeal is available to the State in criminal actions without a discretionary ruling of the trial court, passing the cause to this Court before final judgment. *State* v. *Velander, supra,* 123 Vt. at 61. Under 12 V.S.A. §§2382 and 2386, an appeal can be heard in the Supreme Court before final judgment only upon permission of the tribunal whose action is sought to be reviewed. *Brown* v. *Brown,* 121 Vt. 283, 284, 155 A.2d 748; *Murphy Motor Sales* v. *First National Bank,* 121 Vt. 404, 159 A.2d 94.

The record in this instance contains no request on the part of the State to transfer the cause to this Court for appellate review, much less any order or ruling which could be construed as passing any question of law for consideration on appeal. Without such an order of transfer, we are without jurisdiction to entertain the errors claimed by the prosecution.

*Appeal dismissed.*