# Richard H. Woodard
## v.
# Porter Hospital, Inc. and Medical Staff of Porter Hospital, Inc.

[ 214 A.2d 67 ]

June Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, J. J.**

Opinion Filed October 5, 1965

*Peter Forbes Langrock* for plaintiff.

*Myron Samuelson* and *Samuel S. Bloomberg* for defendants.

**Shangraw, J.** This action was brought in the Court of Chancery, Addison County, in the form of a bill of complaint, seeking an order to reinstate Dr. Richard H. Woodard to the Medical Staff of Porter Hospital, Inc. Petitioner also sought an injunction restraining the Board of Trustees of Porter Hospital, Inc., from dismissing him from the active medical staff of the hospital.

On June 24, 1964, Porter Hospital, Inc. filed a motion to dismiss on the ground that the bill of complaint failed to state facts sufficient to constitute a cause of action. On the same day a like motion to dismiss was filed by the Medical Staff of Porter Hospital, Inc., setting forth the same ground for dismissal, and also a further ground challenging the legality of the service of the petition on the Medical Staff of the hospital. This latter ground was later withdrawn and aban-

doned. On the same date each of the defendants filed an answer to the plaintiff's bill of complaint.

The motions to dismiss were heard on July 27, 1964, at which time there was admitted in evidence in support of the motions, the Articles of Association of the Porter Hospital, Inc., its By-Laws and also By-Laws, Rules and Regulations of the Medical Staff of the hospital. The motions were denied.

■ The effect of defendant's motion to dismiss, as finally presented, is confined to what appears on the face of the record. *Emerson* v. *Carrier*, 119 Vt. 390, 394, 125 A.2d 822; *Green Mountain Junior College* v. *Levine, et als*, 120 Vt. 332, 334, 139 A.2d 822. By challenging the sufficiency of the complaint, the motion to dismiss is in the nature of demurrer. Likewise, a demurrer is not aided by facts which do not appear in the pleading demurred to. *Canfield* v. *Hall*, 121 Vt. 52, 54, 147 A.2d 886. The admission in evidence of the exhibits in support of the motion to dismiss was unauthorized. Consideration of the motion to dismiss was limited to the contents of the bill of complaint.

Following the hearing the Chancellor made findings of fact therein indicating the contents of a proposed order. An order followed directing that the defendants ". . . supply the Petitioner, Richard H. Woodard, a specification of the grounds on which the Petitioner has been suspended within fifteen (15) days from date hereof and to give the Petitioner a hearing on said specifications within thirty (30) days from date hereof and to have a verbatim record made of said hearing."

■ If a litigant desires a review of his case in this Court, he must apply for it in time and in the manner prescribed by the statutes. Under the provisions of 12 V.S.A. § 2386, appeals before final judgment can only be taken by permission of the Court whose order is sought to be reviewed. Here, no permission was obtained. Without such permission there is no appellate jurisdiction. *Lyons* v. *Ross*, 124 Vt. 86, 87, 196 A.2d 576 and *Murphy Motor Sales* v. *First National Bank*, 121 Vt. 404, 405, 159 A.2d 94; *Roy* v. *Roy*, 123 Vt. 92, 182, A.2d 337; *Brown* v. *Brown*, 121 Vt. 283, 284, 155 A.2d 748.

The test of whether a decree or judgment is final is whether it makes a final disposition of the subject matter before the Court. *In re Estate of Webster*, 117 Vt. 550, 552, 96 A.2d 816; *Adams* v. *Adams*, 21 Vt. 162, 165; *Timothy* v. *Farr*, 42 Vt. 43, 46. In a chancery matter the test of the finality of a decree from which an appeal lies, is that it settles the rights of the parties on the issues made by the pleadings. *Page* v. *Page's Admr. et al*, 91 Vt. 188, 189, 99 A. 780.

Ten crucial allegations asserted by the doctor were denied in the defendant's answer. No findings were made on these issues. The order based on the findings is of no force and effect for it fails to settle the issues which were joined by the pleadings. *Ricci* v. *Bove's Admr.* 116 Vt. 406, 409, 78 A.2d 13. Plaintiff complains that he was not afforded an opportunity to present evidence in support of the allegations contained in the complaint.

The denial of the defendant's motion to dismiss the bill of complaint is not a "final judgment". It did not conclude the rights of the parties or dispose of the cause, nor place the parties out of court; the parties are in the same position in respect to the disposition of the case as they were prior to the making of the motions. There is no final adjudication of their rights. *State* v. *Corban,* 2 Conn. Cir. 577, 203 A.2d 165.

The order directing that defendants furnish the petitioner with a specification of the grounds on which he had been suspended, and directing that he be accorded a hearing, is likewise interlocutory in character. This was not a final judgment. Permission for review by this Court was neither requested nor granted, as required under the provisions of Section 2386, supra.

The question of jurisdiction can be raised at any time. Every court has inherent power to determine whether or not it has jurisdiction of the proceeding before it. It makes no difference how the question comes to the attention of the court, and the court will act on its own motion. *Murphy Motor Sales* v. *First National Bank,* 121 Vt. 404, 406, 159 A.2d 94, and cases cited.

Naturally, in this, as in all cases, we would prefer to dispose of the appeal on points sought to be raised by the excepting parties, rather than on the point of procedure. *Able's Inc.* v. *Newton,* 116 Vt. 272, 275, 74 A.2d 481. Nevertheless, procedural rules are devices to insure fairness, uniformity, and regularity of treatment to all litigants appearing before the court, and to be meaningful, they must be enforced. See *Krulee* v. *Huyck & Sons,* 121 Vt. 299, 302, 156 A.2d 74. The defects here are jurisdictional, prohibiting us from reviewing the questions briefed.

Determining, as we do, that this Court lacks jurisdiction of the appeal because it is not from a final judgment or decree, we dismiss the appeal on our own motion.

*The appeal is dismissed.*