# Marc A. Poulin and Mariette M. Poulin v. Town of Danville and Town of Cabot

[ 250 A.2d 842 ]

December Term, 1968

Present: Shangraw, Barney, Smith, Keyser, JJ., and Brooks, Supr. J.

Opinion Filed February 4, 1969

*John A. Swainbank, Esq.,* for the Plaintiffs.

*Arthur L. Graves, Esq.,* for the Town of Danville.

*Ryan, Smith & Carbine* for the Town of Cabot.

**Shangraw, J.** This action was initially brought in the Court of Chancery, Caledonia County against the Board of Selectmen of the Town of Danville and that of the Town of Cabot. By order of the

Court of Chancery dated November 10, 1967 the Board of Select-men of each town were dismissed as parties and their respective towns were added as parties.

The plaintiffs are the owners of premises in Caledonia County. Both the Town of Danville and the Town of Cabot list the premises in question in the Grand List and each tax the plaintiffs as the owners. Plaintiffs allege the payment of taxes in each town for a number of years on this property. Plaintiffs also allege that they are faced with two sets of conflicting ordinances regarding zoning, etc., relating to the use of their property.

Plaintiffs essentially seek, in their bill, a determination of their right to maintain the action; that the defendants be directed to inter-plead among themselves to determine in which town the land is located; and that the defendants be enjoined from levying further taxes on the property or from taking any legal action, such as a tax sale procedure, to collect the taxes already levied by the defendants pending a final outcome of the case.

Each of the defendants filed an answer. Defendant, Town of Danville, incorporated in its answer a demurrer. A hearing was held on the demurrer. An order was issued by the Court of Chancery on June 6, 1968 reading in part:

"1. The plaintiffs have an adequate remedy at law under applicable Vermont Statutes to determine the questions raised by them.

2. A bill of interpleader is not the proper remedy.

3. Irreparable damage has not been shown by the pleadings.

4. The demurrer of the Defendant Town of Danville is sustained."

The foregoing is the only order or decree made by the Chancellor. The petition, at least as it related to the Town of Danville, was not dismissed. No final judgment was made passing the case out of the court below. Thereupon, plaintiffs filed a notice of appeal under the provisions of 12 V.S.A. §2382.

Appeals before final judgment can only be taken by permission of the court whose order is sought to be reviewed. Without such permission there is no appellate jurisdiction. 12 V.S.A. §2386. *Lyons* v. *Ross*, 124 Vt. 86, 87, 196 A.2d 576. If a litigant desires a review of his case in this Court he must apply for it in time and in

the manner prescribed by the statutes. *Woodard* v. *Porter Hospital, et al,* 125 Vt. 264, 265, 214 A.2d 67.

A decree adjudging a bill insufficient and sustaining a demurrer thereto, is not a final order or decree. *Jones* v. *Stearns, Admr., et al,* 96 Vt. 138, 139, 117 A. 663. Merely sustaining a demurrer without dismissing the bill is not a final judgment. *Murphy Motor Sales, Inc.* v. *First National Bank of St. Johnsbury,* 121 Vt. 404, 405, 159 A.2d 94.

In the present posture of the case we are confronted with a jurisdictional roadblock. The appeal is not from a final judgment or decree. The requirements of 12 V.S.A. §2386 have not been met.

Since substantial rights are at stake, in our discretion we will enlarge Supreme Court Rule 2 to enable a review of the interlocutory rulings of the lower court as provided by 12 V.S.A. §2386. See *State* v. *Mahoney,* 126 Vt. 258, 259, 227 A.2d 401.

*The cause is remanded. Supreme Court Rule 2 is enlarged to enable the appellant to procure permission to appeal before final judgment and obtain proper certification of the specific questions of law to be reviewed in this Court according to the provisions of 12 V.S.A. §2386.*

**Smith, J.,** sat but due to illness did not participate in the opinion.