# State of Vermont v. Robert O. Kennison

[373 A.2d 556]

No. 80-75

Present: Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.

Opinion Filed April 5, 1977

*M. Jerome Diamond*, Attorney General, *Paul F. Hudson*, Assistant Attorney General, and *Samuel Perkins*, Montpelier; *Ronald F. Kilburn*, Franklin County State's Attorney, and *Edward P. Freeman*, St. Albans, for Plaintiff.

*James L. Morse*, Defender General, and *Charles S. Martin*, Appellate Defender, Montpelier, for Defendant.

**Daley, J.** On March 5, 1975, the defendant, Robert Kennison, was found guilty by a jury of attempted rape, a felony. A motion for new trial was filed on March 6, 1975, before the district court. On March 14, 1975, following a hearing before that court,

defendant's motion was denied, and the State's motion for judgment on the verdict was granted. On March 21, 1975, in response to the State's later motion, the district court ordered the defendant temporarily committed to the custody of the Commissioner of Mental Health for a psychiatric examination pursuant to the mentally defective delinquent statutes, 18 V.S.A. §§ 8501 et seq. The defendant filed a notice of appeal with the district court on March 25, 1975, stating that appeal was being taken to the Supreme Court "from the final judgment entered in this proceeding on the 14th day of March, 1975."

On May 14, 1975, the defendant was returned to the district court for a commitment hearing. 18 V.S.A. § 8505. This hearing resulted in an adjudication that the defendant was a defective delinquent and that he constituted a threat to the public welfare and was dangerous while at large in the community, all as evidenced by the court's written findings, judgment, and order of the same date. On May 15, the defendant filed with the district court a "Renewal of Motion for New Trial" based on newly discovered evidence; this motion was denied.

Before this Court, the defendant challenges certain evidentiary rulings made by the district court during the defective delinquency hearing and raises a broad-based constitutional challenge to those proceedings. In addition, he seeks a reversal of the attempted rape conviction because of the alleged failure of the state's attorney to comply with a pre-trial discovery request and because of the trial court's denial of his renewed motion for a new trial.

▮▮ The only notice of appeal in this case, appealing the district court's final judgment of March 14, 1975, was filed in the district court on March 25, 1975. It was not until May, 1975, that the hearing was held and the order entered by the district court under the defective delinquency statutes. No notice of appeal was ever filed subsequent to those proceedings.

Compliance with Rules 3 and 4 of the Rules of Appellate Procedure relating to notice of appeal is necessary in order to vest this Court with jurisdiction over a matter. Reporter's Notes to Rule 3(b) of V.R.A.P. See also *Poulin* v. *Town of Danville*, 127 Vt. 421, 422-23, 250 A.2d 842 (1969); *State* v. *Brown*, 121 Vt. 459, 464-65, 160 A.2d 879 (1960). V.R.A.P. 4 does permit a premature notice of appeal to apply to decisions, sentences or orders announced but not yet entered when the notice is filed, and to

speak as of the date when entry is actually made. But the commitment order here, since it had not in any sense been "announced" prior to the filing of the notice of appeal, is not within the ambit of V.R.A.P. 4. We hold that there was no appropriate notice of appeal from the defective delinquency proceedings and therefore this Court lacks jurisdiction to review such proceedings on direct appeal. Cf. 2 R. Field, V. McKusick & L. Wroth, Maine Civil Practice § 73.8, note 51 (2d ed. 1970).

On appeal, the defendant raises certain questions regarding the failure of the state's attorney to comply with our discovery rule, V.R.Cr.P. 16, and challenges the trial court's denial of his "renewal of motion for new trial". The trial court's denial of the defendant's initial motion for new trial is not challenged on appeal. The defendant's arguments before this Court relate to the post-trial surfacing of three psychological reports prepared on the defendant two years earlier while he was in the St. Albans Diagnostic Treatment Facility following a child molestation conviction. It is the defendant's position that knowledge of the contents of these reports would have benefited the preparation of his defense to the attempted rape charge.

■ It is well-settled that this Court will not review questions on appeal unless the "trial court had a fair opportunity to consider, evaluate and rule upon such questions." *State* v. *Bressette*, 130 Vt. 321, 322, 292 A.2d 817 (1972); *State* v. *Morse*, 127 Vt. 137, 139, 241 A.2d 328 (1968). In this context, it must be noted that at no point during the various proceedings before the district court was any question raised by the defendant regarding the State's suppression or withholding of these reports or of the State's failure to comply with V.R.Cr.P. 16. Also, the defendant failed to ever assert before the district court that the three psychological reports constituted the "newly discovered evidence" upon which he grounded his renewal of motion for a new trial. Instead, the testimony of a Dr. Taylor relative to the defendant's mental condition was characterized by the defendant as the newly discovered evidence. Therefore, in keeping with established practice, we will not consider these matters on appeal.

■ The appellant seeks to have this Court apply the rule enunciated in *State* v. *Morrill*, 127 Vt. 506, 511, 253 A.2d 142 (1969) to the present case and consider the claimed error in dismissing the motion for a new trial on the basis of newly

discovered evidence even in the absence of a proper objection before the district court. Upon consideration of the record and the arguments of counsel, we do not consider this to be "one of those rare and extraordinary cases where a glaring error occurred during the trial and was so grave and serious that it strikes at the very heart of the respondent's constitutional rights." *Id.*

*Judgment affirmed.*