**State of Vermont**
**Superior Court—Environmental Division**

=======================================================================
### E N T R Y   R E G A R D I N G   M O T I O N
=======================================================================

**In re Smith Boathouse Permit Application,**[1]                    **Docket No. 117-8-12 Vtec**
**(Appeal from Leicester ZBA denial of permit application)**

Title: Motion for Summary Judgment

Filed: September 17, 2012

Filed By: Applicants Jeffrey and Linda Smith

Response filed on 8/12/12 by Appellee Town of Leicester

Reply filed on 11/2/12 by Applicants Mr. & Mrs. Smith

 _X_ Granted (in part)          _X_ Denied (in part)          ___ Other

        This case concerns an application by Jeffrey and Linda Smith ("Applicants") for a permit to build a boathouse on their property at 1134 Hooker Road in the Town of Leicester ("Town"); Applicants propose to locate the boathouse just above the shore of Lake Dunmore.[2]  Applicants initially submitted their application to the Town of Leicester Zoning Administrator ("Administrator").  When the Administrator denied their application, Applicants appealed to the Town of Leicester Zoning Board of Adjustment ("ZBA").  The ZBA upheld the Administrator's denial in a decision dated August 14, 2012.  Applicants have appealed the ZBA's decision to this Court and have moved for summary judgment on all five legal issues Applicants raised in their Statement of Questions.  Applicants appear pro se.  The Town is represented by James F. Carroll, Esq.

        As an initial matter, we address the Town's allegation that Applicants filed their motion for summary judgment prematurely, in violation of V.R.C.P. 56.  Contrary to the Town's assertion, the current version of V.R.C.P. 56 does not require that parties wait a minimum of twenty days from the commencement of the action to file a motion for summary judgment.  See

---

[1] We have revised the case caption to delete the reference to "CU," an acronym for conditional use.

[2] Applicants initially applied to construct a boathouse that would partially encroach into the waters of Lake Dunmore.  Their first application, dated October 29, 2009, was approved by the Administrator and became final when no party appealed that approval.  The boathouse that Applicants proposed to build would have been 35 feet long, 10 feet in height, and with a 12 foot wide rear and 12 foot wide front facing the Lake. See Applicants' Exhibit A.  We understand from the filings that Applicants did not timely construct that boathouse and the permit expired.  In a second application submitted on June 4, 2012 (the application now under review), Applicants proposed to build a similarly-sized structure near the shore of the Lake, with a track system that would be used to move their boat from the boathouse to the water. The Administrator denied this second application on June 21, 2012.  See Applicants' Exhibit B.

   The parties dispute whether Applicants' currently-proposed structure is a "boathouse."  We refer to this structure as a boathouse throughout this Order both for sake of clarity and based on our legal analysis below.

V.R.C.P. 56(b) ("A party may file a motion for summary judgment at any time until 30 days after the close of all discovery . . . ."). Accordingly, we do not find that Applicants' motion, which Applicants filed 19 days after the commencement of this action, was premature.

On appeal to this Court, the Applicants raise five legal issues in their Statement of Questions:

1. Did the Zoning Administrator act appropriately when she defined what a boathouse is when there is no definition for a boathouse in the by-laws?

2. Since the Zoning Administrator in the year 2009 approved my application for placement of a boathouse because I met all the required standards, must she approve the same application in 2012 wherein the second application has the same location for the structure and meeting all side-yard and rear-yard setbacks?

3. With no definition for a boathouse in the Town of Leicester by-laws, does a boathouse have to have water under it according to Town of Leicester By-Laws?

4. Did the Zoning Administrator act properly when denying the permit based upon the fact that a track system is to be used instead of trenching the land?

5. Did the Zoning Administrator exceed her authority by determining that the Appellant's structure was not a boathouse?

(Applicants' Statement of Questions at 2, filed Sept. 6, 2012.)

This Court will grant summary judgment to a moving party (here, Applicants) only if that party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). In ruling on a summary judgment motion, the Court is directed to "accept as true the [factual] allegations made in opposition to the motion for summary judgment," as long as they are supported by reference to admissible evidence, and to give the non-moving party (here, the Town) the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356; see V.R.C.P. 56(c).

Four of Applicants' five Questions fail to account for the fact that we review this appeal *de novo* and not on-the-record. Questions of whether the administrator below acted properly falls beyond the scope of this Court's jurisdiction. See, e.g., Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989) ("A de novo trial 'is one where the case is heard as though no action whatever has been held prior thereto'") (quoting In re Poole, 136 Vt. 242, 245 (1978)); In re Cote NOV, No. 273-11-06 Vtec, slip op. at 3 (Vt. Envtl. Ct. Aug. 22, 2007) (Durkin, J) ("the scope of this proceeding is limited to a de novo review . . . meaning that this Court is not charged with examining the propriety of the DRB's actions"). Thus, when considering a zoning permit application in a de novo appeal, we do not consider whether the zoning administrator made an incorrect decision; we hear the evidence anew and decide whether the applicants have met their burden of showing that their proposed project conforms to the applicable ordinance provisions.

We begin our analysis by questioning whether it is proper to entertain Applicants' Questions 1, 4, and 5. Under Vermont law, "[e]very court has [the] inherent power to determine whether or not it has jurisdiction of the proceeding before it; it does not matter how the

question comes to the court's attention." In re G.R. Enters., Inc., No. 27-2-08 Vtec, slip op. at 2 (Vt. Envtl. Ct. May 12, 2008) (Wright, J.) (citing Woodward v. Porter Hospitals, Inc., 125 Vt. 264, 266 (1965)). Applicants' Questions 1, 4, and 5 all specifically ask the Court to review the prior actions of the Administrator. Such questions are beyond our subject matter jurisdiction in a de novo appeal. Therefore, we conclude that Applicants' Questions 1, 4, and 5 are beyond the scope of our jurisdiction and will not entertain them in this appeal.

On its face, Applicants' Question 2 asks whether a prior approval, which expired after Applicants failed to build the proposed structure within the required time period, obligates the Court to approve Applicants' new application for a boathouse that Applicants claim is located in a similar location. (Applicants' Statement of Questions at 2, filed Sept. 6, 2012.) We see no legal precedent for the proposition that an expired permit binds a reviewing body to grant a future permit, even if the future permit is "similar" to the expired permit. However, implicit in Applicants' Question 2 is the underlying question of whether Applicants' new permit application should be granted under the Bylaws. See In re Remy Subdivision Alteration, No. 21-1-08 Vtec, slip op. at 5 (Vt. Envtl. Ct. Jul. 31, 2008) (Durkin, J.) ("We are generally limited to deciding issues raised in a Statement of Questions, but we are also empowered to decide issues 'intrinsic' to the questions in the Statement of Questions.") (citing In re Jolley Assocs., 2006 VT 132, ¶ 9, 181 Vt. 190, 194). Factual disputes exist regarding whether the boathouse proposed in Applicants' new application complies with the Bylaws, and Applicants have not shown that they are entitled to summary judgment on this Question as a matter of law. Accordingly, we **DENY** Applicants summary judgment on their Question 2, and leave the resolution of that Question for trial.

Finally, we can address Applicants' Question 3, as it is purely a question of law without reference to any decision below, and its resolution will affect future adjudication of this dispute. Question 3 asks whether, according to the Town of Leicester Zoning Bylaws ("Bylaws"), a structure must have water under it to be defined as a boathouse. When interpreting municipal bylaws, this Court will first look to the language used by the municipality in its bylaws; if that language is clear, our interpretive exercise looks no further. We only look beyond the plain language of a law when that language is unclear or ambiguous, or if applying the ordinary meaning of the language makes the statute or bylaw ineffective or leads to irrational results. See In re Margaret Susan P., 169 Vt. 252, 262 (1999); Town of Killington, 172 Vt. 182, 189 (2001).

The word "boathouse" only appears in Section 620 of the Bylaws. Section 620 provides that:

> Waterfront lots may have a one-story boathouse chiefly for the purpose of boat storage and one end may extend into the water 16 feet, if permitted by state statue or regulation. Width of boathouses is not to exceed twelve feet; height not to exceed ten feet above mean water level.

Bylaws § 620. The plain language of Section 620 indicates that a boathouse must be used chiefly for the storage of boats, and that a boathouse may extend over the water. Thus, the Bylaw, by its very language, does not require that a portion of a boathouse extend over the water. A structure can still be a boathouse, even when it does not extend over the water, as long as it meets the other definitional requirements of Bylaws § 620.

This interpretation is supported by Bylaws § 190, which instructs that "[e]xcept where specifically defined herein, all words used in these regulations shall carry their customary

meanings." Merriam Webster Dictionary defines a boathouse as "a building to house and protect boats." Merriam-Webster Online Dictionary – boathouse, http://www.merriam-webster.com/dictionary/boathouse (last visited Mar. 25, 2013). This definition is mirrored in other dictionaries of common usage and is supported by a plain reading of the very term ("boathouse") used in Bylaws § 620. In the absence of a more restrictive definition contained in the Bylaws, we are inclined to follow this common definition of the term "boathouse" in our effort to determine whether Applicants' proposed boathouse conforms to Bylaws § 620.

This Court can find no evidence that a structure is customarily a boathouse only if a portion of it extends over or into the water. Thus we **GRANT** Applicants summary judgment on their Question 3 and conclude that a structure does not have to have water under a portion of it to be regarded as a "boathouse," as that term is used in the Bylaws. Our conclusion here does not, however, allow for a purported boathouse to avoid the dimensional requirements contained in the Bylaws (i.e., the width of a boathouse may not "exceed twelve feet; height not to exceed ten feet above mean water level" Bylaws § 620). The record before us is unclear as to whether Applicants' proposed plans meet both of these dimensional requirements, as well as other restrictions as to setbacks from boundary lines and protected wetlands. We therefore reserve the legal issue of whether Applicants' proposed boathouse is in full conformance with Bylaws § 620 and any other applicable Bylaw provisions for trial, where we will provide all parties with an opportunity to make their relevant evidentiary presentations.[3]

Thus, the only legal issues remaining to be decided at trial are Applicants' Question 2, which we interpret to ask whether Applicants' new permit application should be granted under the Bylaws, along with the Questions posed by Cross-Appellants Linda and William Pitkin and the separate Question posed by Cross-Appellants Harry Chen and Anne Lezak. We look forward to the parties' trial presentations.

| _____ | _____March 26, 2013_____ |
| Thomas S. Durkin, Judge | Date |

=================================================================================

Date copies sent: _____                                   Clerk's Initials: _____

Copies sent to:

   Appellants Jeffrey and Linda Smith, pro se

   James F. Carroll, Attorney for the Town of Leicester

   Cross-Appellants Harry Chen and Anne Lezak

   Cross-Appellants Linda Pitkin and William Pitkin

---

[3] It is unclear to the Court how Bylaws § 620 interacts with Bylaws § 270, which provides a list of the permitted and conditional uses allowed in the Lake Zoning District.