# In re Petition of Green Mountain Power Corporation

[ 329 A.2d 372]

No. 108-74

Present: Barney, C.J., Smith and Daley, JJ., Gibson, Supr. J., and Shangraw, C.J. (Ret.)

Opinion Filed December 3, 1974

*B. Michael Frye, Esq.*, of *Paul, Frank & Collins*, Burlington, and *Paul D. Sheehey, Esq.*, Burlington, for Green Mountain Power Corporation.

*Gary H. Barnes, Esq.*, of *Downs, Rachlin & Martin*, St. Johnsbury, for the Public.

*Nancy E. Kaufman, Esq.*, Vermont Legal Aid, Inc., Montpelier, for Vermont Welfare Rights Organization.

**Barney, C.J.** This appeal relates to a rate proceeding still not finally determined. Since the Public Service Board refused

to grant an interlocutory appeal in this case under 30 V.S.A. § 12, the first issue is the jurisdiction of this Court to hear the matter. The utility, who is here as the appellee, challenges the identification of the interim rate orders as "final orders", qualifying them for appeal as of right under 30 V.S.A. § 12. Beyond the jurisdictional matter loom questions relating to the statutory right of the Public Service Board to grant successive temporary rate increases and the standards applicable to the allowance of any such temporary increases. These matters are raised by the appellant, Vermont Welfare Rights Organization.

This case began with an application by the utility, Green Mountain Power Corporation, for a 16.7 per cent increase in its retail rates. This request, filed on September 14, 1973, was to take effect October 14, 1973, and was intended to replace the operation of the purchase power and fuel adjustment clause in the rate schedule, in the event it was held invalid in the litigation then pending. The Public Service Board suspended the proposed increase under the authority of 30 V.S.A. § 226(a). This brought into play the provisions of 30 V.S.A. § 11 relating to the thirty-day time limit for filing the utility's direct case. The utility asked for and received an extension of that time to a time thirty days after final decision in the pending purchase power and fuel adjustment case. This ruling was unobjected to.

On October 10, 1973, the utility applied for an immediate temporary increase in its rates of 15 per cent. On November 21, 1973, the Board granted a 10 per cent temporary increase. The purchase power and fuel adjustment case was argued December 18, 1973, and the decision rejecting automatic use of the change was filed March 29, 1974. *Petition of Allied Power and Light Company*, 132 Vt. 354, 321 A.2d 7 (1974). Meanwhile, the utility had requested, on March 11, 1974, a further temporary rate increase, ultimately amended to an overall increase of 18 percent of the rates then in effect. On May 29, 1974, this second temporary increase was allowed to the extent of 15 per cent of the then rates.

It is both the criteria on which these increases are claimed to be based and, in particular, the right of the Board to grant a second temporary increase during the pendency of the same new rate filing that are under challenge. On the other

hand, the utility attacks these proceedings as not supporting an appeal as of right, the basis of the appellant's claim of review. The utility says the order here is interlocutory and permission to appeal, necessary to bring up the issue, has been denied by the Board.

The determination of "finality" does not always lend itself to easy definition. The kind of litigation, the nature of the forum and its authority, the relationship of the appellant to other parties to the litigation as well as the posture of the case itself at the time of the questioned ruling, may all bear on the question. Additionally, as pointed out in *In re New England Tel. & Tel. Company*, 131 Vt. 310, 314, 305 A.2d 598 (1973), in the case of utility regulation there exists a statute, 3 V.S.A. § 815(a), enlarging the right of review to otherwise interlocutory orders. This statute supports treating the determination as a final order if, "review of the final decision would not provide an adequate remedy, and the filing of the appeal does not itself stay enforcement of the agency decision . . . ". There is no question here about the failure of this appeal to stay enforcement.

So, the first question requires a determination of whether there is an issue presented that may not be adequately remedied on appeal. Reluctant though this Court is to treat issues raised by utility rate cases outside the regular appeal mechanism, it appears there is such a question here. It is the issue of whether or not the Board is authorized to grant more than one temporary rate increase during the pendency of a petition for permanent rate changes. We respond to it under the authority of 30 V.S.A. § 815(a). *In re New England Tel. & Tel. Company, supra,* 131 Vt. at 315.

The response must be in favor of that right in the Board. It is not for this Court to seek out inferential meanings to hamper the regulatory power of the Board, in the absence of a specific prohibition imposed by the Legislature. Certainly the right to supplemental correction of temporary rate orders is one that can work in both directions, enabling the Board to correct a too large increase, as well as to prevent disaster overtaking a utility caught in a period of rapidly changing costs or unexpected fiscal disaster. The realities of

adequate regulation indicate the need for this right as a regulatory tool.

The standards for the use of this tool are set out in the statute 30 V.S.A. § 226(a), where it is stated that:

> "[I]f it shall be made to appear to the satisfaction of the board that the public interest requires a change in rates, charges or services, or that such change is necessary for the purpose of providing adequate and efficient service or for the preservation of the property of the public service company devoted to public use, the board, after preliminary hearing, may authorize upon such terms, conditions or safeguards as it deems proper an immediate reasonable temporary increase in such price pending the final determination of the price to be thereafter charged by any such public service company . . . ."

It is for the Board to determine whether, under the rubric of "public interest", "provision of adequate service", or "preservation of utility property devoted to public use", or any combination of them, a temporary increase is warranted. If that decision favors a temporary increase, the statute requires that it meet a standard of reasonableness. These judgments are the particular province of the Public Service Board, with its recognized regulatory competence and expertise. *In re New England Tel. & Tel. Company*, 131 Vt. 470, 472, 307 A.2d 783 (1973).

An examination of the record demonstrates that the Board discharged its duties properly and in a manner consistent with the statutes involved. The first temporary increase concerns us only momentarily, since it was reached under a stipulation between the utility and the representative of the public. The Board reviewed the stipulation and approved it, basing its approval on the urgency of the utility's need for additional permanent financing due to its precarious financial condition. No basis for intervention by this Court appears.

The second temporary increase was stated by the Board to be justified because the available evidence convinced the Board that unless some relief was forthcoming, there would be no possibility of the utility obtaining adequate permanent financing. Such failure, in the Board's view, raised the prospect of financial collapse of the utility. The second temporary

order was directed toward the avoidance of that calamity pending the full review possible in the permanent rate hearing. Again, whatever may be our view as to the wisdom of the course adopted by the Board, it was one clearly within its authority and adequately supported by the proceedings below, and must be affirmed. *Wendland* v. *Green Mountain Power Corp.*, 132 Vt. 320, 322, 318 A.2d 668 (1974).

The appellants seek to disqualify the utility from seeking or receiving a second temporary increase because of the utility's granted request to delay filing its testimony and exhibits. This is an argument we view as addressed initially to the Board's discretion, to be examined by this Court only in case of abuse. Since the request was based on a proposition relating to a pending decision in this Court which might have rendered the subsequent rate hearings unnecessary, it is difficult to see any impropriety in the Board's decision. The avoidance or minimizing of rate litigation is usually of benefit to the ratepayers, since the burden of its costs falls upon them. *Petition of Allied Power and Light Company, supra,* 321 A.2d at 12.

In the circumstances of this case, the Board's decision to allow an additional temporary rate increase during a period of delay sought by the utility is supportable as an exercise of its discretion. Other circumstances might dictate a contrary result, but we certainly will not presume that the Board will act to subvert the statutory purposes.

*The interim orders of the Public Service Board in this case are affirmed.*