Petition of Central Vermont Public Service Corporation,
requesting a 25% increase in rates effective
February 8, 1982

[453 A.2d 1108]

No. 82-191

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed November 2, 1982

*Donald L. Rushford* and *Joseph M. Kraus,* Rutland, for Plaintiff-Appellee.

*Michael L. Burak* and *Peter H. Zamore,* Montpelier, for Defendant-Appellant.

**Per Curiam.** This is an appeal by the State Public Service Department from an order of the Public Service Board granting appellee Central Vermont Public Service Corporation, a Vermont utility, a temporary rate increase pending a final order of the Board in response to the utility's petition for a twenty-five percent permanent rate increase.

It is unnecessary to reach the merits of this appeal. We are confronted at the threshold with a motion by the utility to dismiss which raises for consideration the issue of finality. Neither party here questions the fact that the Board has not yet issued a final order; consequently, the proceedings presently before us resemble an interlocutory appeal instituted without permission. There is, nevertheless, a statute contained in the Administrative Procedure Act, 3 V.S.A., Chapter 25, which authorizes an immediate appeal from "a preliminary, procedural, or intermediate agency action or ruling" in a contested case. 3 V.S.A. § 815(a). See *In re Green Mountain Power Corp.,* 133 Vt. 107, 109, 329 A.2d 372, 373 (1974).

This right, however, is limited to those cases where, in the language of § 815(a), "review of the final decision would not provide an adequate remedy." This limitation places upon appellants the burden of demonstrating that an appeal from a final order will not provide such a remedy. In *Green Mountain Power, supra,* as well as in *In re New England Tel. & Tel. Co.,* 131 Vt. 310, 305 A.2d 598 (1973), the appellants met their burden. In the case at bar the Department has failed to do so.

We have noted earlier our reluctance to "treat issues raised by utility rate cases outside the regular appeal mechanism." *In re Green Mountain Power Corp., supra,* 133 Vt. at

109, 329 A.2d at 373. We reiterate that reluctance here with the additional caveat that we will subject to careful scrutiny those reasons offered as justification for appeals under § 815(a). It is not every theoretically possible harm the imagination can conceive which will satisfy the test. It must at least be shown that appeal of the ultimate order will not provide an adequate remedy or that the nature of the claimed defect in the order is such that the harm is greatly aggravated by delay. The reasons offered here by appellant are speculative, remote and *de minimis* at best. We hold they are insufficient; accordingly, the motion of the utility to dismiss the appeal must be granted.

*Appeal of the Public Service Department is dismissed.*