Darlene BEAUPRE, et al. v. GREEN
MOUNTAIN POWER
CORPORATION,
Burlington Electric Department,
Central Vermont Public Service
Corp., et al.

[715 A.2d 1292]

No. 97-435   .

■

July 27, 1998. Plaintiffs challenge certain jurisdictional rulings by the Public Service Board (PSB). We consider the appeal premature, and thus decline to address the issues raised.

When they brought this action, plaintiffs were all residential electric customers living in separate rented apartments. Each complained of high utility bills arising from electricity being diverted to others in their apartment building after the electricity had passed through plaintiffs'

meters. To stop the ongoing diversion and to confirm its magnitude, plaintiffs brought this action before the PSB. They requested the PSB to mandate defendant utilities to inspect the wiring on the customers' side of the meter, and to enjoin their respective landlords to permit such an inspection. Contending that they had evidence of others similarly situated, plaintiffs also sought to have the case certified as a class action and to have the PSB adopt a rule requiring all regulated, metered electric utility services in Vermont to investigate all complaints of diversion and remedy the disputed bills.

The PSB's hearing officer denied plaintiffs' request for an injunction, ruling that the Board lacked in personam jurisdiction over nonutility third parties. Furthermore, the officer ruled that the Board lacked statutory authority to order electric utilities to inspect residential wiring "on the other side of the meter." Finally, the officer found insufficient evidence to begin the rule-making process, and postponed its decision to commence a rule-making hearing until sufficient evidence indicates a need for such a hearing. The officer certified these preliminary rulings for review by the Board. It affirmed the officer's decision but reiterated the officer's assertion that the Board maintained jurisdiction generally over billing disputes "arising between customers and their utilities." Class certification is still pending before the PSB. Plaintiffs appeal.

This Court has long adhered to a policy of avoiding piecemeal appeals. See *In re Pyramid Co. of Burlington*, 141 Vt. 294, 305, 449 A.2d 915, 921 (1982). Generally, we decline to review a decision that is not a final disposition of the matter before the lower tribunal. See *In re Taft Corners Assocs.*, 160 Vt. 583, 588, 632 A.2d 649, 652 (1993). The Vermont Administrative Procedure Act, however, permits immediate review of a preliminary, procedural, or intermediate agency order. See 3 V.S.A.

§ 815(a). One may benefit from this provision only if "review of the final decision *would not provide an adequate remedy*, and the filing of the appeal does not itself stay enforcement of the agency decision." 3 V.S.A. § 815(a) (emphasis added); see also *In re Central Vt. Pub. Serv. Corp.*, 142 Vt. 138, 139, 453 A.2d 1108, 1109 (1982).

The burden lies on the appellant to demonstrate that an appeal from a final order would not provide such a remedy. See *id.* In this instance, plaintiffs have failed to meet their burden. Essentially plaintiffs brought this action to determine the extent of electricity diversion in their former apartments and to recoup any overpayment. To maximize the potential for success on the merits, plaintiffs suggested a variety of methods for relief. In denying their request for an injunction, the PSB foreclosed only one avenue. In its ruling, however, the Board held that it possessed jurisdiction to resolve customer billing disputes. As for a new rule, the hearing officer merely reserved judgment until the plaintiffs could provide sufficient evidence to warrant invoking the rule-making process. Moreover, plaintiffs' motion for class certification is still pending before the Board. If, upon final adjudication, the Board disposes of all of plaintiffs' claims without providing plaintiffs with adequate relief, an appeal would then be appropriate. As the case stands now, plaintiffs still have ample opportunity to obtain relief before the PSB.

*Appeal dismissed.*