STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                     Docket No. 48-4-17 Vtec

---

Scott Farm Act 250

---

**ENTRY REGARDING MOTION**

Count 1, Act 250 District Commission Decision (48-4-17 Vtec)

Title:          Motion to Dismiss (Motion 1)
Filer:          The Scott Farm
Attorney:       Robin L. Stern
Filed Date:     July 14, 2017

Response filed on 08/02/2017 by Daniel E. Normandeau, Appellant
          Opposition
Response filed on 08/03/2017 by Attorney Peter J. Gill for Interested Person Natural Resources Board
          Opposition
Reply filed on 08/16/2017 by Attorney Robin L. Stern for Cross Appellant Scott Farm

Daniel E. Normandeau appeals a March 29, 2017 order by the District #2 Environmental Commission regarding an application submitted by Scott Farm to amend an existing Act 250 permit. The matter is now before the Court on Scott Farm's motion to dismiss.

On October 24, 2016, Scott Farm filed an application to amend three aspects of a condition included in its existing Act 250 permit. On March 29, 2017, the District #2 Environmental Commission issued an order addressing the threshold question of whether it could even consider the proposed amendments under Act 250 Rule 34(E).

The order concludes that two of the proposed changes are not critical permit conditions, and that the District #2 Environmental Commission can therefore consider the proposed changes. The order does not yet decide whether to approve or deny the proposed changes.

The order concludes that the third proposed change would be to a critical permit condition. Because Scott Farm did not offer a reason to justify changing this condition, the District #2 Environmental Commission determined that it cannot even consider the proposed change.

Mr. Normandeau, self-represented, appealed the March 29, 2017 order. Scott Farm, represented by Robin Stern, Esq., filed a cross appeal, and then moved to dismiss Mr. Normandeau's appeal. Mr. Normandeau filed a response opposing the motion, and the Natural Resources Board (NRB), represented by Peter J. Gill, Esq., filed a response in support of the motion.

The March 29, 2017 order is not a final decision on Scott Farm's amendment application. The order addresses a preliminary question: whether the District Commission can consider the

three proposed changes. The order rejects one of the three, but allows the other two to move forward. The District Commission has not yet addressed the ultimate issue: whether to approve or deny these two proposed changes. Until that issue is addressed, or disposed of in some other way, then there is no final decision in this matter. See Jordan v. State Agency of Transp., 166 Vt. 509, 513 (1997) ("For an order to be final, it must have disposed of all matters that should or could properly be settled at the time and in the proceeding then before the decision-making body.") (internal quotations and alterations omitted).

We recently addressed when we can hear an interlocutory appeal of a preliminary order in Mathez Act 250 LU Permit, No. 101-9-16 Vtec, (Vt. Super. Ct. Envtl. Div. May 24, 2017) (Walsh, J.). In that decision, we explained that interlocutory appeals of orders by an administrative body such as the District Commission are to be reviewed pursuant to 3 V.S.A. § 815(a). Mathez, No. 101-9-16 Vtec at 4 (May 24, 2017). Under that statute, a party may appeal a decision that is not a final decision only "if review of the final decision would not provide an adequate remedy, and the filing of the appeal does not itself stay enforcement of the agency decision." 3 V.S.A. § 815(a). In Mathez we also cited In re Taft Corners Assocs., Inc., in which the Supreme Court explained that an interlocutory appeal of an administrative order may be appropriate where the order exceeds the decisionmaking body's jurisdiction, or where the order is defective in a way that delaying review would lead to a greater degree of harm. 160 Vt. 583, 588–589 (1993) (citations omitted).

Here, there is no suggestion that the District Commission exceeded its authority by issuing the order, or that the order is defective in a way that any delay would increase harm. These are therefore not grounds to allow an interlocutory appeal in this case.

There is also no indication that review of a final decision in this case would not provide an adequate remedy. Mr. Normandeau has preserved this issue for appeal. Once the District Commission renders a final decision, there is no reason known to this court that an adequate remedy would not be available through the normal appellate process.[1] See In re Maple Tree Place Assocs., 151 Vt. 331, 332 (1989); Beaupre v. Green Mountain Power Corp., 168 Vt. 596, 597 (1998).

Because we conclude that Mr. Normandeau has failed to show that review of a final decision would not provide an adequate remedy, we need not address the second part of 3 V.S.A. § 815(a) (whether filing the appeal stays the agency decision).

**The motion is GRANTED.**

So ordered.

**Electronically signed on August 22, 2017 at 02:58 PM pursuant to V.R.E.F. 7(d).**

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[1] This is, of course, provided that Mr. Normandeau is granted final party status. 10 V.S.A. § 8504(d)(1). If he is not granted final party status, he can file a motion for party status at the same time as he files a notice of appeal with this Court. 10 V.S.A. § 8504(d)(2); V.R.E.C.P. 5(d)(2).

Notifications:

Appellant Daniel E. Normandeau

Peter J. Gill (ERN 4158), Attorney for Interested Person Natural Resources Board

Interested Person Tristam Johnson

Robin L. Stern (ERN 3029), Attorney for Cross Appellant The Scott Farm

Interested Person Town of Dummerston

For Informational Purposes Only Joe Cook