NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2021 VT 92

No. 2021-085

| | |
|---|---|
| In re Investigation Pursuant to 30 V.S.A. §§ 30 and 209 into whether the Petitioner Initiated Site Preparation at Apple Hill in Bennington, Vermont (Allco Renewable Energy Limited et al., Appellant) | Supreme Court<br><br>On Appeal from<br>Public Utility Commission<br><br>November Term, 2021 |

Anthony Z. Roisman, Chair, J.

Thomas Melone of Allco Renewable Energy Limited, New Haven, Connecticut, Appellant.

Thomas J. Donovan, Jr., Attorney General, and Justin Kolber, Assistant Attorney General, Montpelier, for Appellee Agency of Natural Resources.

Sarah L. J. Aceves, Special Counsel, Montpelier, for Appellee Department of Public Service.


PRESENT:  Reiber, C.J., Eaton, Carroll and Cohen, JJ., and Grearson, Supr. J. (Ret.)
         Specially Assigned


¶ 1.     **EATON, J.**   Allco Renewable Energy Limited appeals from a Public Utility Commission (PUC) order, which found that Allco had begun "site preparation for . . . an electric generation facility" without first obtaining a certificate of public good (CPG) in violation of 30 V.S.A. § 248(a)(2)(A).  The PUC enjoined Allco from any further site preparation unless certain criteria were satisfied and explained that, following another hearing, it would determine a civil penalty for Allco's violation under 30 V.S.A. § 30(a).  On appeal, Allco challenges the PUC's injunction order.  Because there is not yet a final appealable order, we dismiss this appeal for lack of jurisdiction.

¶ 2.    Allco has long sought to construct two 2.0 MW solar electric-generation facilities on a twenty-seven-acre parcel on Apple Hill in Bennington, Vermont.  It obtained two standard-offer contracts for its proposed facilities in 2013 and 2014.  The PUC has since extended the development-milestone deadlines in these contracts multiple times.  Because of ongoing litigation, it remains unclear if Allco will obtain CPGs for its proposed facilities, now called "Apple Hill" and "Willow Road" (formerly "Chelsea Solar").  Most recently, in June 2019, the PUC denied a CPG for the Willow Road facility and in May 2020, it denied a CPG for the Apple Hill facility.  Allco appealed both decisions.[1]

¶ 3.    In June 2020, an individual filed public comments with the PUC alleging that site-clearing was occurring on the twenty-seven-acre Apple Hill parcel and that areas set aside for rare, threatened, and endangered species were being disturbed.  The Agency of Natural Resources (ANR) filed comments confirming that site clearing activity was occurring and expressing concern about site preparation without a CPG and without any assessment of the possible undue adverse effects on the environment.  ANR sought a cease-and-desist order to prevent irreparable harm to the "very rare" and "rare" plants at the site.  The Department of Public Service commented that, based on ANR's observations, further investigation appeared warranted into whether Allco violated 30 V.S.A. § 248(a)(2), which prohibits companies from beginning site preparation for an electric-generation facility without a CPG.

¶ 4.    The PUC then opened an investigation into whether Allco initiated site preparation at Apple Hill for electric generation in violation of 30 V.S.A. § 248(a)(2)(A), citing 30 V.S.A. § 30 (allowing for imposition of penalty for violation of law); id. § 203 (describing PUC's jurisdiction

_____

[1]  We affirmed the PUC's denial of a CPG for the Willow Road facility in an April 2021 decision.  See In re Chelsea Solar LLC, 2021 VT 27, ¶ 1, __ Vt. __, 254 A.3d 156 (upholding PUC's conclusion that CPG must be denied because Willow Road facility and adjoining Apple Hill facility were a single 4.0-MW "plant" under 30 V.S.A. § 8002(14)).  In September 2021, we reversed the PUC's denial of a CPG for the Apple Hill facility and remanded for additional proceedings.  See In re Apple Hill Solar LLC, 2021 VT 69, ¶ 1, __ Vt. __, __ A.3d __.

over various entities); id. § 209(a)(6) (providing that PUC has jurisdiction "to restrain any company subject to supervision under this chapter from violations of law"). In late June 2020, the PUC held an evidentiary hearing and issued a temporary restraining order (TRO) prohibiting Allco and its related entities, affiliates, subsidiaries, and contractors, from engaging in any further tree-clearing activity on Apple Hill.

¶ 5.    Allco then moved to vacate the preliminary-injunction hearing and to dissolve the TRO, and the PUC denied its requests. The PUC rejected Allco's assertion that it lacked jurisdiction over Allco and its related entities or that it lacked authority to grant injunctive relief. Allco filed a notice of appeal from this decision, which we dismissed for lack of jurisdiction. See In re Investigation Pursuant to 30 V.S.A. §§ 30 and 209 into Whether the Petitioner Initiated Site Preparation at Apple Hill in Bennington, VT (Allco Renewable Energy Ltd. et al.), No. 2020-242 (Vt. Nov. 5, 2020), https://www.vermontjudiciary.org/sites/default/files/documents/eo20-242.pdf [https://perma.cc/Z46F-ZNMZ].

¶ 6.    In April 2021, following a second evidentiary hearing, the PUC found that Allco was engaged in site preparation without a CPG in violation of 30 V.S.A. § 248(a)(2)(A) and that an injunction remained necessary to prohibit this unlawful conduct. The PUC ordered the injunction to remain in place until one of the following occurred: (1) Allco received a CPG for constructing an electric-generation facility on the site; or (2) final orders from the Vermont Supreme Court or the PUC denied both CPG petitions in Docket 8454 and Case No. 17-5024-PET, any appeal periods or time limits for moving for reconsideration had expired, and both of Allco's standard-offer contracts had expired or been voluntarily relinquished. In other words, the injunction would remain in place until the PUC knew whether Allco would or would not have permission to build solar facilities on the site.

¶ 7.    The PUC explained that its findings established a factual basis for issuing a civil penalty for Allco's violation of § 248(a)(2)(A) and that additional proceedings were required to

3

document the factual basis for the penalty amount using the criteria set forth in 30 V.S.A. § 30(c)(1)-(8). It directed Allco to propose a schedule for the penalty phase of the proceeding after conferring with the other parties.

¶ 8.    Allco instead filed a notice of appeal. It then moved to stay the penalty phase of the proceedings, asserting that the PUC had been divested of jurisdiction on all matters within the scope of its appeal. The PUC rejected Allco's argument in a June 2021 order. It explained that it was divested of jurisdiction only when a party filed a proper notice of appeal from a final judgment. It found that Allco's notice of appeal was prematurely filed as the proceedings before the PUC had not yet concluded; it still needed to determine the civil penalty. See Appliance Acceptance Co. v. Raymond, 121 Vt. 153, 155, 151 A.2d 316, 318 (1959) (explaining that to be final, appealable order, "[t]he judgment rendered must conclude the litigation in the court below to the extent that if no exceptions were taken, the controversy would end and the case would pass out of court"). The PUC nonetheless deferred a ruling on Allco's stay request until this Court decided whether to accept Allco's appeal. The PUC further found that, assuming arguendo that the appeal was appropriately filed, there would be no basis to stay the penalty proceedings because it would simply delay the ultimate resolution of this case.

¶ 9.    We agree with the PUC that there is not yet a final appealable order in this case. We therefore do not reach Allco's challenges to the PUC's injunction order.

¶ 10.    As we have often repeated, "[t]o be final and appealable an order must end litigation on the merits or conclusively determine the rights of the parties, leaving nothing for the court to do but execute the judgment." In re Burlington Bagel Bakery, Inc., 150 Vt. 20, 21, 549 A.2d 1044, 1045 (1988) (quotation omitted). That standard is not satisfied here. The injunction order did not conclude the proceedings below. The PUC determined that a civil penalty was warranted and, as it made clear to the parties, it explained that it would hold a hearing to examine the factors under

4

30 V.S.A. § 30(c)(1)-(8), then determine the appropriate penalty amount. Because there are ongoing proceedings before the PUC, we lack jurisdiction over this appeal.

¶ 11. Allco offers no persuasive argument to the contrary. It cites our decision dismissing its TRO appeal and asserts that we held there that the PUC's issuance of an injunction would be a final appealable order. It also contends that an appeal is appropriate under 3 V.S.A. § 815(a) because any appeal from the PUC's final order "will not provide an adequate remedy" and "the nature of the claimed defect in the order is such that the harm is greatly aggravated by the delay." In re Taft Corners Assocs., 160 Vt. 583, 589, 632 A.2d 649, 652 (1993) (quotation omitted). As support for this assertion, Allco argues that "every day [it] suffers irreparable harm by not being able to put its idle land to productive use."[2]

---

[2] Allco raises other arguments that we summarily reject. It asserts that its appeal is proper under the collateral final order doctrine. See V.R.A.P. 5.1(a)(1)(A)-(C) (explaining that superior court may allow appeal from interlocutory order if it finds that order "conclusively determines a disputed question"; "resolves an important issue completely separate from the merits of the action"; and "will be effectively unreviewable on appeal from a final judgment"). There is no collateral final order at issue in this case—this entire case concerns the PUC's investigation of and response to Allco's alleged violation of § 248(a)(2)(A). Even if there were such an order, Allco did not request or obtain permission to take a final collateral order appeal. See V.R.A.P. 5.1(a)(2) (requiring party to file request for permission to take collateral final order appeal "within 14 days after entry of the order or ruling appealed from").

We are equally unpersuaded by Allco's reliance on a case from the probate division in support of its claimed right to appeal. See In re Marjorie T. Palmer Tr., 2018 VT 134, ¶¶ 30-32, 209 Vt. 192, 204 A.3d 623 (recognizing that "Vermont has no statute or rule defining what specific types of probate orders are final and appealable" and that "probate proceedings are frequently lengthy and involve a series of decisions on discrete issues that may be appropriate for immediate review," and concluding, consistent with other states, that "probate court decisions regarding whether particular individuals are heirs are final appealable orders"). This case does not support the proposition that Allco has a right to appeal here.

Allco further asserts that its appeal is proper under 30 V.S.A. § 15 because it seeks "relief against any disobedience of or noncompliance with" the PUC's injunction order. Allco simply quotes the language of the statute. It did not file a petition seeking relief under 30 V.S.A. § 15, and it makes no argument why extraordinary relief would be warranted here. See In re Investigation into Gen. Ord. No. 45, 2013 VT 24, ¶ 2, 193 Vt. 676, 67 A.3d 285 (mem.) (recognizing that 30 V.S.A. § 15 authorizes party to file, and Court to consider in its discretion, a petition for extraordinary relief). Allco's one-sentence argument is inadequately briefed and we do not address it. See Johnson v. Johnson, 158 Vt. 160, 164 n.*, 605 A.2d 857, 860 n.* (1992)

¶ 12. Allco argued in its TRO appeal, as it does here, that it was entitled to appeal under 3 V.S.A. § 815(a). Section 815(a) provides that "a preliminary, procedural, or intermediate agency action or ruling is immediately appealable [to the Supreme Court] . . . if review of the final decision would not provide an adequate remedy, and the filing of the appeal does not itself stay enforcement of the agency decision." Judicial review under this provision is limited to "extraordinary cases where the normal appellate route will almost surely work injustice, irrespective of this Court's final decision." In re Maple Tree Place Assocs., 151 Vt. 331, 333, 560 A.2d 382, 383 (1989) (per curiam). Allco must show that an appeal prior to final order is necessary to provide an adequate remedy. Beaupre v. Green Mountain Power Corp., 168 Vt. 596, 597, 715 A.2d 1292, 1293 (1998) (mem.). The threshold is a high one, and this Court subjects to careful scrutiny those reasons offered as justification for such an appeal. In re Cent. Vt. Pub. Serv. Corp., 142 Vt. 138, 140, 453 A.2d 1108, 1109 (1982).

¶ 13. We dismissed Allco's TRO appeal in November 2020 because Allco failed to show the necessary "extraordinary circumstances" to warrant immediate review of an interlocutory decision. We concluded that review of a final decision would provide Allco with an adequate remedy. At that stage, we presumed that a preliminary injunction would conclude the proceedings below. As it turned out, that was not the case given the PUC's determination that a civil penalty was warranted. Nothing in our entry order suggested that Allco would not need to comply with basic jurisdictional requirements in pursuing its next appeal. We reject its argument that it was given license to do so by our prior order.

¶ 14. Allco similarly fails to show that it is entitled to appeal under § 815(a) in this case. Our decision in Taft Corners, illustrates the type of showing necessary to justify an appeal under § 815(a). In that case, a developer obtained an "umbrella permit" that "established conditions for

(explaining that Court will not address contentions so inadequately briefed as to fail to minimally meet standards of V.R.A.P. 28(a)).

the development" of a large commercial and industrial park "as a whole." 160 Vt. at 586, 632 A.2d at 651. Four years later, the developer sought and obtained the district commission's approval to construct several large retail stores as part of its project. On appeal from this decision, the Environmental Board decided to review and reopen the umbrella permit and it remanded the matter to the district commission to engage in additional review of that permit. The developer appealed to this Court, arguing that "the Board exceeded the scope of its authority by deciding issues that were not raised before the district commission" and that "the delay and expense" associated with the remand "would effectively require it to abandon the . . . project altogether after considerable expenditures over the past five years in reliance on the umbrella permit." Id. at 583, 589, 632 A.2d at 650, 652. We agreed that the Board had "clearly exceed[ed]" its jurisdiction and that its decision would require the developer essentially "to commence the application [of the permitting] process again." Id. at 589, 632 A.2d at 652. Under these circumstances, we concluded that "the delay and expense involved" justified "consideration of the interlocutory decision" under 3 V.S.A. § 815(a). Id.

¶ 15. We are faced with much different circumstances here. In this case, Allco simply asserts that, without an immediate appeal, it will suffer irreparable harm "by not being able to put its idle land to productive use." It provides no additional detail. There is nothing to suggest that Allco will be subject to the type of delay, expense, and wasted effort, at issue in Taft Corners and no showing that the PUC "clearly exceeded" its authority in enjoining Allco from violating 30 V.S.A. § 248(a)(2)(A). See generally 30 V.S.A. §§ 30, 203, 209 (describing PUC's authority); see also PUC Rule 2.406 (addressing injunctive remedies). Allco's bare assertion of harm does not show that Allco will be deprived of an adequate remedy or subject to an injustice if it pursues an appeal from a final judgment order. To hold otherwise would allow immediate appeals of any interlocutory orders touching on property rights, turning rare appeals into regular ones and

7

eliminating the "careful scrutiny" that we must apply to "those reasons offered as justification for appeals under § 815(a)."  Cent. Vt. Pub. Serv. Corp., 142 Vt. at 140, 453 A.2d at 1109.

¶ 16.   As we have recognized, "[i]t is not every theoretically possible harm the imagination can conceive" that will provide the basis for an appeal under § 815(a), id., but only those "extraordinary cases where the normal appellate route will almost surely work injustice, irrespective of this Court's final decision."  Maple Tree Place Assocs., 151 Vt. at 333, 560 A.2d at 383.  Allco cannot satisfy this standard here.  We note that the penalty phase of this proceeding has been ready to move forward since April 2021 and these proceedings will presumably be completed relatively soon.  Allowing Allco to appeal at this juncture would result in precisely the type of "piecemeal review" that we seek to avoid.  Id. at 332, 560 A.2d at 383 (quotation omitted); Beaupre, 168 Vt. at 597, 715 A.2d at 1293 (recognizing that "[t]his Court has long adhered to a policy of avoiding piecemeal appeals" and that we generally "decline to review a decision that is not a final disposition of the matter before the lower tribunal").

Appeal dismissed.

FOR THE COURT:

_____

Associate Justice

8