Filed 08/25/25

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-04273

Juliet Stephens v. Shannon Gilmour

## Opinion and Order on Ms. Gilmour's
## Motion for Permission to File Interlocutory Appeal

This case is before the Court on Defendant Ms. Gilmour's Motion for Permission to File Interlocutory Appeal, pursuant to Vt. R. App. P. 5(b)(1). Ms. Gilmour seeks an immediate appeal from the July 11, 2025, ruling granting Plaintiff Ms. Stephens' renewed motion to dismiss Ms. Gilmour's counterclaim for abuse of process. Ms. Stephens opposes the motion. For the following reasons, the Court denies the request for immediate appeal.

Vermont disfavors "piecemeal appeals," and an appeal to the Vermont Supreme Court prior to final judgment is an extraordinary remedy. *See In re Hill*, 149 Vt. 86, 86 (1987). Such an appeal is appropriate only where a proposed appeal: (1) involves a controlling question of law (2) about which there exists substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the termination of the litigation. Vt. R. App. P. 5(b)(1). "The three factors should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal." *In re Pyramid*, 141 Vt. 294, 302 (1994) (quoting 16 C. Wright, A. Miller, E. Cooper, & E. Gressman, *Federal Practice and Procedure: Civil* § 3930 (1977)). The decision whether to grant a motion to appeal is committed to the trial court's discretion. *State v. McCann*, 149 Vt. 147, 151 (1987).

Ms. Gilmour's motion is denied initially because it is plainly out of time. She wishes to appeal a decision that was entered on July 11. Her motion was filed on July 28, well outside the 14-day period for such a motion. *See* Vt. R. App. P. 5(b)(5) (The motion requesting interlocutory review "must be filed within 14 days after entry of the order or ruling appealed from."). She asks the Court to overlook her tardiness "due to the constitutional urgency of the issues presented and defendant's pro se status," but nowhere explains why any neglect to file on time is excusable. *See* Vt. R. Civ. P. 6(b)(1)(B) (Court may extend time "on motion made after the time has expired if the party failed to act because of excusable neglect"). Nor is any excusable neglect apparent in the record. See In re von Turkovich, 2018 VT 57, ¶ 6, 207 Vt. 545, 549; In re Town of Killington, 2003 VT 87A, ¶ 17, 176 Vt. 60, 68-69 (both discussing high bar of establishing excusable neglect).[1]

Even had the motion been filed in a timely manner, however, granting permission to appeal in this action would be wholly improvident. As to the "substantial ground for difference of opinion" prong of the analysis, the Court notes that there were two abuse of process claims in this case, one of which was plainly being asserted by Ms. Gilmour's minor daughter *without counsel*. The potential merit of that claim may be unclear, but it was dismissed long ago because she was unrepresented, and it is not currently at issue. The other claim is the one subject to the July 11 decision and Ms. Gilmour's request for interlocutory review. As the Court explained in the dismissal decision, though framed with Ms. Gilmour in the position of plaintiff, the process was filed against her daughter. The claim, if there is to be one, would be properly brought by her daughter, not Ms.

---

[1] The same analysis applies to Ms. Gilmour's tardy Reply Memorandum. The Court has considered it as well, however, and it does not alter the Court's analysis.

Gilmour.  The Court perceives no substantial ground for difference of opinion on that matter, and Ms. Gilmour has come forward with no authority to the contrary.

Nor will taking a potentially lengthy sojourn to the Supreme Court just as this matter is about to proceed to trial likely to advance the termination of this case.  Ms. Gilmour may appeal the abuse-of-process ruling once final judgment is entered, if she wishes.  Otherwise, this is a straightforward landlord–tenant case in which the key question of whether eviction is appropriate on these facts and in the face of Ms. Gilmour's defenses remains unresolved.

Further, Ms. Gilmour lives in shared space with Ms. Stephens in Ms. Stephens' home, and both parties have made abundantly clear that their relationship has become extremely stressed.  Even if the Supreme Court were to view the abuse-of-process issue differently than the trial court, an interlocutory reversal on that collateral matter would not materially advance the termination of the core issues in the case.  It would promise only more delay.  Both parties are entitled to a "just, speedy, and inexpensive" determination of this case.  Vt. R. Civ. P. 1.  Interlocutory review now would seriously undermine those interests.

As noted at the outset, the overriding policy in this state strongly favors appeals of final judgments rather than interlocutory, piecemeal review.  *Beaupre v. Green Mountain Power Corp.*, 168 Vt. 596, 597 (mem.).  Untimeliness aside, Ms. Gilmour has offered no convincing reason to depart from that general rule.

WHEREFORE, Ms. Gilmour's Motion for Permission to File Interlocutory Appeal is *denied*.

Electronically signed on Thursday, August 21, 2025, per V.R.E.F. 9(d).

_____
Timothy B. Tomasi
Superior Court Judge