In Re Estate of Gertrude Divine Webster.

(96 A2d 816)

February Term, 1953.

Present: Sherburne, C. J., Jeffords, Cleary and Cushing, JJ., and Hughes, Supr. J.

Opinion Filed May 5, 1953.

551

*James B. Campbell* and *Guy M. Page* for the appellant Diana Moss Bright.

*Edmunds, Austin & Wick* for appellee Children's Hospital of Columbus, Ohio.

*Lawrence & O'Brien* for the executor.

JEFFORDS, J.   These are two separate appeals to the county court from a decree of the probate court for the district of Manchester, and come here on exceptions to judgments of the county court denying motions to dismiss.   The questions raised by the exceptions were passed to this Court for determination under the provisions of V. S. 1947, § 2124.

The decree was on an account filed by the Guaranty Trust Company, executor of the will of Gertrude Divine Webster.   In this account credits were claimed for the payment of a certain amount of money paid by it to the Children's Hospital of Columbus, Ohio, a beneficiary under the will, and for certain articles delivered to the Vermont Historical Trust, another such beneficiary.   Also credit was claimed for services as executor.   Objections to the allowance of the account were filed by Diana Moss Bright, also a named beneficiary.   A hearing was had and findings of fact were made.   The decree disallowed the credits for delivery of assets to the above named beneficiaries.   The final provision of the decree is as follows: "The executor is ordered to file an account for the period from December 31, 1950, to date of its filing, including therein all receipts and disbursements during said period."   The original account was filed on January 30, 1951, and the decree thereon is dated February 26, 1952.

Appeals from the decree were taken by the Hospital and the executor, both of which were allowed by the probate court. The only ground of the motion to dismiss the appeal of the Hospital was, in substance, that the decree was not final in that it directed the executor to file an account for a period subsequent to the one filed with respect to which the decree was made and that until such final account is filed the subject matter of the accounting of the executor has not been disposed of by any order of the probate court from which an appeal may be taken. The motion to dismiss the appeal of the executor had this same ground and an additional ground, as hereinafter noted. The motions were denied and exceptions allowed.

It is conceded by the Hospital and the executor that an order or decree of a probate court from which an appeal properly may be taken under V. S. 47, § 3090 must be a final one. Thus the only question to be decided on the motion to dismiss the appeal of the Hospital is whether the decree in question is a final decree. As we shall see, our holding on this question will also dispose of the motion to dismiss the appeal of the executor.

■ Both parties agree that the test of whether a decree or judgment is final as generally laid down by this Court is whether it makes a final disposition of the subject matter before the court. See *Adams* v. *Adams,* 21 Vt 162, 165 ; *Timothy* v. *Farr,* 42 Vt 43, 46.

Both parties cite many cases in support of their respective claims. It would serve no good purpose to analyze these cases. None of them have factual situations such as the one here. It is sufficient to say that the broad basis for a holding that the decree or judgment in question was final is that the decree or judgment disposed of all matters that should or could properly be settled at the time and in the proceeding then before the court. For example see *Adams* v. *Adams, supra; In re Cary's Est.,* 81 Vt 112, 69 A 736 ; *Bianchi* v. *Martin,* 94 Vt 160, 109 A 37 ; *In Matter of Estate of Taylor,* 110 Vt 80, 2 A2d 317. On the other hand, the cases in which it has been held that the decree or judgment was not final show that the holding is based, broadly speaking, on the ground that something remained to be done before the subject matter therein involved was finally disposed of and that further proceedings must be had before a final disposition. See *French* v. *Winsor,* 24 Vt 402 ; *Probate Court* v. *Chapin,* 31 Vt 373 ; *Page* v. *Page's Admr.,* 91 Vt 188, 99 A 780 ;

*Price* v. *Holden,* 104 Vt 504, 162 A 376; *Beam* v. *Fish,* 105 Vt 96, 163 A 591; *Ricci* v. *Bove's Admr.,* 116 Vt 406, 78 A2d 13.

■ We turn now to the case at hand. It is self-evident that for an appeal to be taken from an order or decree on a final account there must be filed such an account and all matters pertaining to that account disposed of by the court. Here there was filed an account which was entitled a final account. However, it is apparent that the probate court did not treat it as such. This is shown by its order to file a supplemental account. Until this order had been complied with there would be no final account from an order or decree on which an appeal properly could be taken.

Also the record shows the decree was not final as applied to the account filed. Only part of the matters contained in it were disposed of in the decree or order. The charge of the executor for services rendered which was objected to was not passed upon. The appellant claims that other matters necessary to be determined in respect to a final account in this case were not passed upon. These matters, it appears, depend on the construction of certain provisions in the will which we are not here called upon to construe.

■ No basis for a decree of distribution can properly be had until there has been a determination of the amount in the hands of the executor for distribution. This amount cannot be determined until the supplemental account has been filed. When this is done, and not until, there will be an account presented to the probate court showing all the claimed debits and credits up to that time. From this account the court can determine the amount to be distributed.

■ We have stated that we will not judge a case piecemeal. *Ricci* v. *Bove's Admr., supra,* at p. 411; *Beam* v. *Fish, supra,* at p. 99. If we were to hold that the decree of the probate court was final and appealable we would violate this salutary rule. When a final account has been filed and all the material matters and questions therein presented are passed upon and an appeal taken to the order or decree thereon we will, if called upon, pass upon the questions therein presented.

The additional ground of the motion to dismiss the appeal of the executor was, in substance, that the executor as such had no such interest in the decree as to give it a right of appeal under the statute. In view of our holding in respect to the ground of the motion relating

to the question of a final appealable decree it is not necessary to determine whether this additional ground is valid.

*The judgments of the county court denying the motions to dismiss the appeals from the decree of the probate court are reversed. Appeals dismissed. To be certified to the probate court for the district of Manchester.*