## In re Estate of Fay E. Pierce

[215 A.2d 505]

October Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, J.J.**

Opinion Filed December 7, 1965

*Wayne C. Bosworth* for the estate.

*John P. Connarn,* Attorney General, and *William T. Keefe,* Assistant Attorney General, for the State.

**Barney, J.** Jurisdiction is the first question raised in this appeal, and it is raised by the appellant administrator himself. This anoma-

lous situation comes about because the issue arises in connection with a probate proceeding, in an area where the determination of the "finality" of judgment orders requires close analysis, and may turn on subtle distinctions.

The dispute is grounded in the assessment of inheritance taxes. The probate court was dealing with a life estate devised and bequeathed to the testator's widow, with full power in her to invade the principal, but with a remainder over. After the widow's decease, an inventory was filed which included the period of administration of the estate by the widow, and showing a reduction of the principal. An order issued out of the probate court directing the payment of inheritance taxes on account of the the legacy to the remaindermen. The final settlement of the administrator's account had not taken place, and the final decree of distribution had not issued. The order of the probate court was based on an assessment of the value of the legacies as of one year after the testator's death, without regard to any subsequent invasion of the principal reducing the remainder over. The administrator opposed this approach, contending that the remaindermen's tax should be based on the amount finally distributed. He pointed out that this cannot be determined until there has been a settlement of his final account and a decree of distribution entered thereon.

It is just here he found a dilemma. If his theory was in error about the time and manner of assessment of the inheritance tax, he might be cast if he failed to raise the issue on appeal. Yet the theory of his appeal denied the jurisdictional basis of an appeal founded on a final order. So, he appealed to Addison County Court, where both jurisdiction and the tax assessment order were affirmed, and has now brought the same issues here.

This was not his only remedy, nor necessarily his best. This same issue could have been certified here under the authority of 12 V.S.A. § 2386, enabling us to reach the principle issue in the litigation unhampered by jurisdictional considerations. If appropriate or advisable, declaratory judgment procedure is available in the probate court. 12 V.S.A. § 4711. However, we must agree that the jurisdictional defect present when the order is not final is fatal in this kind of appeal, and cannot be overlooked, nor cured by waiver, concession or agreement. *Roy* v. *Roy*, 123 Vt. 92, 92, 182 A.2d 337.

It is clear from the record that the final account of the administrator had not been, and was not being, settled in the proceed-

ings in question. 32 V.S.A. § 6587, relating to the final settlement of accounts, reads as follows:

> Upon the final settlement of the account of an administrator, executor or trustee, the probate court shall make the amount of the taxes imposed by the provisions of this chapter a part of the final decree of distribution, a copy of which decree shall be sent forthwith to the commissioner by the judge of probate. An administrator, executor or trustee shall not be finally discharged or relieved from his bond until he has paid such taxes as he is required to pay to the commissioner and has filed with the probate court one of the receipts issued by the commissioner for the receipt of such taxes.

The probate court is clearly bound to make the amount of the tax a part of the final decree of distribution by this statute. *In re Robinson's Will,* 101 Vt. 464, 471, 144 Atl. 457. A final decree is appealable. *In re Estate of Webster,* 117 Vt. 550, 553, 96 A.2d 816. But the probate court here was not issuing a final decree of distribution and could not have been assessing taxes under the authority of this section.

The court must, therefore, have been acting under 32 V.S.A. § 6731. That reads as follows:

> At any time or upon the application of the commissioner or a legatee, heir, administrator, executor or trustee of an estate, the probate court having jurisdiction of an estate may determine, so far as possible, the value of all legacies and distributive shares passing to persons who are liable to the tax imposed by this chapter and the amount of taxes due therefrom. Notice of such applications and of the time and place of the hearing shall be given in the same manner as in case of the settlement of accounts by administrators and executors.

The question then becomes whether an order made under the authority of this section, in a case such as this, is a final order.

It is to be noted that the phrase "so far as possible" occurs in the section. This certainly looks to further proceedings to finally settle the matter. It has already been held that this section exists primarily for the protection of an administrator or executor, and of which he may avail himself as a matter of choice, except as to legacies already actually paid under 32 V.S.A. § 6662, not at issue here. *In re Clark's Estate,* 100 Vt. 217, 222, 136 Atl. 389. Again, this view runs counter to an order under this statute being a final adjudication. If there re-

mains any doubt, it is dispelled by the authority the legislature has given the commissioner to make refunding adjustments upon final determination of the tax liability, if previous payments were too large. 32 V.S.A. §6692.

■ 32 V.S.A. § 6891 should be noticed here. It enlarges the class eligible to appeal inheritance tax questions beyond that included in the "person interested" phrase of 12 V.S.A. § 2555, to embrace, among others, administrators and executors. See *Estate of Gaskell,* 123 Vt. 57, 181 A.2d 67. But the right of appeal given under 32 V.S.A. § 6891 is specifically that provided by 12 V.S.A. § 2555, which is limited to decrees final in their effect. *In re Estate of Webster,* supra, 117 Vt. 550, 552, 96 A.2d 816. It follows that the requirement of finality of 12 V.S.A. § 2555 governs 32 V.S.A. § 6891.

The nature of the legacy involved here leaves its exact amount indeterminate until final accounting. Previous proceedings for evaluation in such a situation are therefore not final, and, as orders, not appealable as of right. Unfortunately, this leaves undecided the question critical to final assessment of the tax, but this is unavoidable, since there has been no jurisdiction to sustain this appeal from its inception.

*The judgment of the Addison County Court is vacated and the appeal is dismissed. Let the result be certified to the probate court for the district of Addison.*