**Pennsylvania Insurance Company v. Smith Motors, Incorporated**

[ 231 A.2d 646 ]

June Term, 1967

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed June 22, 1967

*Ryan, Smith & Carbine,* for plaintiffs.

*Bloomer & Bloomer,* for defendants.

**Per Curiam.**  The plaintiffs contend we are without jurisdiction to hear this appeal. Their argument centers on the ruling appealed from as being interlocutory rather than final, since it is agreed to be an order for a temporary injunction. The appeal was taken in ordinary form under 12 V.S.A. §§2382 and 2383. No permission was sought or granted in accordance with 12 V.S.A. §2386, no question was certified under Supreme Court Rule 2A. Our case law is clear that if these additional steps were necessary, this Court is without jurisdiction. *In re Pierce Estate,* 125 Vt. 340, 341, 215 A.2d 505.

Where the shortage is a formality, but jurisdiction has been acquired, a discretionary power to permit correction exists. *State* v. *Mahoney,* 126 Vt. 258, 227 A.2d 401. The defendants in this case do not claim the benefits of such relief for unperfected procedures. They seek to challenge an order of the chancellor enjoining their prosecution of an action in tort, pending disposition of this declaratory judgment action on the merits.

It is the argument of the defendants that this temporary injunction requires treatment as a final order. This contention arises from the defendants' expressed concern over their inability to get the issues, originally raised in the enjoined legal action, before a jury, if they are previously decided in this declaratory judgment proceeding. How this supports dispensing with the precautionary tactic of procuring certification of the question at issue is not plain, since unnecessary permission is harmless to jurisdiction, but failure to get it when required can be fatal. *LaDuke* v. *LaDuke,* 126 Vt. 27, 220 A.2d 474.

The test is not whether or not the declaratory judgment proceedings properly lie, which may be reviewed by appeal of that action, 12 V.S.A. §4717, or whether, under 12 V.S.A. §4719, the right to a trial by jury is, or is not, applicable. We are only involved in testing the finality of the order for the purposes of this kind of an appeal. Nothing appears to make this temporary injunction any less inter-

locutory, and any more final, than any other like order. *Roy* v. *Roy,* 123 Vt. 92, 182 A.2d 337.

*Appeal dismissed.*