## Re Petition No. 152 by Central Vermont Railway, Inc., re Maintenance Costs of Flashing Lights at So-called "Abel's Crossing" in Braintree, VT (Town of Braintree, appellant)

[530 A.2d 579]

No. 86-389

Present: Allen, C.J., Hill, Peck and Gibson, JJ., and Keyser, J. (Ret.), Specially Assigned

Opinion Filed June 12, 1987

*Robert H. Opel* and *Nancy J. Creswell* of *Paterson, Walke & Pratt, P.C.*, Montpelier, for Plaintiff-Appellee.

*Peter M. Nowlan*, Randolph, and *Margaret M. Howland*, West Windsor (On the Brief), for Defendant-Appellant.

**Hill, J.** This is an appeal by the Town of Braintree from a superior court decision affirming a Transportation Board (Board) order. The Board's order, inter alia, allocated the annual maintenance costs of a flashing signal light at a railroad grade crossing located in Braintree, and known as "Abel's Crossing." We vacate the superior court's order, and remand the matter to the Board because the absence of a final order by the Board deprived the superior court of jurisdiction over the appeal.

The appellant has not argued that the superior court lacked jurisdiction because of the absence of a final Board order. Nevertheless, since that sort of jurisdictional defect below would also affect this Court's jurisdiction to hear this appeal, we must act on our own motion. *Murphy Motor Sales, Inc.* v. *First National Bank*, 121 Vt. 404, 406, 159 A.2d 94, 96 (1960).

The statute permitting appeals from Board orders to the superior court provides, in pertinent part: *"Final orders of the board may be appealed to a superior court."* 3 V.S.A. § 3104(c) (emphasis added).* Although the term "final order" is not defined in Vermont's Administrative Procedure Act, 3 V.S.A. §§ 801-849, or in any other pertinent statute, our cases have established that the test of finality "is whether [an order] makes a final disposition of the subject matter before the court." *In re Estate of Webster*, 117 Vt. 550, 552, 96 A.2d 816, 817 (1953). Before it can be a final, appealable order, it must dispose "of all matters that should or could properly be settled at the time and in the proceeding then before the court." *Id.* While the *Webster* case involved an appeal from a probate proceeding to the county court (now superior court), the principle applies equally in this administrative appeal to the superior court.

In this case, the Board's order allocated annual maintenance costs for the crossing equally between the town and the railroad. Although evidence was presented on the question of the annual maintenance costs of the crossing, the Board made no findings or

---

* In 1986, after the issuance of the Board order, 3 V.S.A. § 3104(c) was repealed and recodified at 19 V.S.A. § 5(c). 1985, No. 269 (Adj. Sess.), § 1.

conclusions on this question. Instead, the Board directed the parties "to agree on a computation of the annual maintenance costs to be used as a base for the allocation [of such costs] . . . ," and to submit this agreement to the Board for approval. The Board's order further provided that: "In the event that the agreement [on the base annual cost] is not received by the board for approval on or before July 1, 1985, the board shall compute the annual cost of signal maintenance for purposes of the allocation of [such] costs . . . ." The parties have never agreed on a base annual maintenance cost, nor has the Board computed such a figure.

We hold that the Board's order was not a final disposition of the subject matter before it. Part of the appeals to both the superior court and this Court are based on the argument that the allocation of costs made by the Board, and affirmed by the superior court, was not "just and equitable," as required by 30 V.S.A. § 1379. Although the superior court apparently found no barrier to its review of this issue from the absence of an established annual maintenance cost figure, we conclude otherwise. The ultimate issue being litigated by the parties is whether the actual amount they will be required to contribute toward maintenance of the crossing is "just and equitable." Appellate review of this question is hampered substantially by the absence of an established annual maintenance cost.

Since the Board's order was not final, the superior court was without jurisdiction to hear the appeal. *In re Estate of Pierce*, 125 Vt. 340, 343, 215 A.2d 505, 507-08 (1965).

*Judgment of the Orange County Superior Court is vacated, and the cause is remanded to the Transportation Board for further proceedings consistent with the views expressed in this opinion.*