Filed 04/30/25

VERMONT SUPERIOR COURT　　　　　　　　　　CIVIL DIVISION
Washington Unit　　　　　　　　　　　　　　　Case No. 23-CV-04886
65 State Street
Montpelier VT  05602
802-828-2091
www.vermontjudiciary.org



---

In re: Miriam Thomas

---

### Opinion and Order on Motion for Interlocutory Appeal

On January 31, 2025, the Court issued an order denying Appellant Paul Thomas's motion to dismiss (the "Ruling").  Appellant has now filed a timely motion seeking permission to appeal under Vt. R. App. P. 5(b).  Appellee Stephen Ankuda, Administrator for the Estate of Miriam Thomas (the "Estate"), opposes the motion.

No doubt, Vermont disfavors "piecemeal appeals," and an appeal to the Vermont Supreme Court prior to final judgment is an ordinary remedy.  *See In re Hill*, 149 Vt. 86, 86 (1987).  Such an appeal is appropriate, though, where a proposed appeal: (1) involves a controlling question of law (2) about which there exists substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the termination of the litigation.  Vt. R. App. P. 5(b)(1).  "The three factors should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal."  *In re Pyramid*, 141 Vt. 294, 302 (1994) (quoting 16 Charles Wright, *et al., Fed. Prac. & Proc. Civ.* § 3930 (1977)).  The decision whether to grant a motion to appeal is committed to the trial court's discretion.  *State v. McCann*, 149 Vt. 147, 151 (1987).

Appellant requests to appeal the civil division's decision, in an appeal from the probate division, that the probate division had jurisdiction to order Appellant to pay

monies following its conclusion that Appellant had breached his duties as guardian and its findings, in a final accounting, regarding deficiencies in Appellant's use of the ward's resources. *See* 14 V.S.A. § 3077 (termination and modification of guardianship); 14 V.S.A. § 917 (probate division's powers to "order a party to pay to other parties the amount of reasonable expenses, including reasonable attorney's fees, or losses incurred because of an act or omission; and remove or suspend a fiduciary"). Appellant wishes to challenge the civil division's conclusions in the Ruling that sections 3077 and 917 granted the probate division jurisdiction and authority to reach the issue of damages and attorney's fees in its consolidated order.

Appellee argues that the Supreme Court would "have to review and analyze the record [of the probate division proceedings] to unspool this Court's determination that the Probate Division's Losses Order was pursuant to the statutory final accounting process, 'entirely restitutionary,' and not based on civil tort claims." Opposition to Motion for an Interlocutory Appeal at 4. In Appellee's view, this brings the appeal into the domain of "factual distinctions" so that "the issue presented is not a pure question of law and thus interlocutory appeal is not appropriate." *Id.*; *see In re Pyramid*, 141 Vt. at 304 ("Interlocutory appeal is proper for questions of law, not fact."). The Court disagrees.

The question of whether the statutory provisions in Title 14 authorized the probate division to conduct proceedings in which it conducted a hearing and determined that certain uses of the ward's property were improper is not one that would require further factfinding. The civil division reached its conclusions without further development of a factual record and the Supreme Court, in the context of the requested appeal, would also have no need to develop a factual record to reach its decision

regarding the controlling questions. It is not the case that the "controlling nature" of the questions of law here "is completely dependent upon the factual record developed at trial" in the sense that the Supreme Court would have to hear evidence regarding the alleged misuse of funds in order to conclude whether the probate division had jurisdiction to order payment of attorney fees and funds that it determined Appellant had misused. Ultimately, the Court sees the issues of the probate division's jurisdiction to decide the questions at issue in this appeal and award the sums it did as legal determinations that can (and should) be determined at the threshold.

Appellant is also correct that the Court's conclusions regarding the probate court's jurisdiction are debatable and reasonable judicial minds might disagree with those determinations. While the Court continues to believe its analysis of the statutes in question—and in particular its conclusion that section 917 authorizes the probate division's order—it acknowledges that there are differing possible interpretations of what it called an "admittedly awkward statutory scheme." Further, the Court reached its conclusions without clear guidance from controlling case law regarding the application of these statutes under similar circumstances.

Indeed, in the context of a previous appeal of this matter, the Court came to an entirely different conclusion. It decided that 14 V.S.A. § 3077, Vt. R. Prob. P. 67, and the statutes controlling guardians, do not give probate division "the authority to evaluate damage claims against guardians." *Thomas v. Thomas*, No. 21-CV-00602, slip op. at 2 (Vt. Super Ct. Feb. 4, 2022) (Mello, J.), *vacated on other grds In re Est. of Thomas*, 2022 VT 59, ¶ 15, 217 Vt. 368, 374. The earlier decision construed section 917 to empower the probate division to regulate a guardian's conduct, a purpose that it could no longer serve

after Appellant had been removed as guardian and the ward had died.  *Thomas*, No. 21-CV-00602, slip op. at 4.  Under such circumstances, a "reasonable appellate judge could vote for reversal of the challenged order."[1]  *In re Pyramid*, 141 Vt. at 307.

Immediate appeal is also likely to advance the termination of litigation because, if the Supreme Court adopts this Court's reasoning from its 2022 decision, or otherwise disagrees with the January 31, 2025 denial of Appellant's motion to dismiss, litigation of the matter will cease.  Appellee maintains that regardless of the outcome, an interlocutory appeal will take substantial time, such that, even if the Supreme Court reversed and remanded, the probate court would then need to conduct a *de novo* trial to determine which of Appellant's expenses are or are not allowed pursuant to a final accounting.

Appellee overlooks that if the Court denies interlocutory appeal, it would proceed with the civil action, which would include a potentially lengthy jury trial regarding the alleged misuse and waste of the ward's property and the scope of any resulting monetary injuries.  On the other hand, if the Supreme Court holds that the probate division's consolidated order was without jurisdiction to award such monies, the case may well be over.  And Appellant has a vital interest in not being subject to such a proceeding if the probate division lacked jurisdiction in the first instance.   In the Court's view, allowing interlocutory appeal of the controlling questions of law regarding sections 3077 and 917 will materially advance the termination of this litigation.

---

[1] The Court also continues to find persuasive its explanation of the interplay between the statutes it relied upon to sanction the probate division's action and the other types of civil prosecutions authorized by bond in 14 V.S.A. § 2108.  But, other reasonable interpretations of Section 2108 are possible and those constructions may lead to a different jurisdictional result.

*     *     *

Appellant's motion sought appeal of the Court's conclusion that the probate division had jurisdiction to award the sums it did in this action under applicable laws and the Probate Rules. In Appellant's reply brief, he also appears to request that the Court's ruling as to the guardian's "standing" also be subject to interlocutory appeal. The request is both too late and too little. The Court will not consider such a request raised for the first time in a reply memorandum. Additionally, Appellant has not persuaded the Court that reasonable minds could reach the opposite conclusion on that legal question. The Court declines to grant interlocutory appeal as to that issue.

Order

For the foregoing reasons, Appellant's motion for interlocutory appeal is granted, in part, and denied, in part.

Electronically signed on Monday, April 28, 2025, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge