Vermont Superior Court
Filed 02/11/26
Washington Unit

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT  05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-03053

### In re: Virginia Black

## ENTRY REGARDING MOTION

Title:           Motion Motion For: Request for Emergency Injunction (Motion: 5)
Filer:          Elizabeth Black
Filed Date:   February 09, 2026

The motions are DENIED.

Elizabeth Black has filed a motion for a preliminary injunction seeking five areas of relief.  Ms. Black seeks:

(1) To pause the present litigation involving fees awarded to a former guardian for Ms. Black's Mother, Virginia Black.  Ms. Black, who is an interested party, has appealed the Probate Division's award of these fees under 14 V.S.A. § 3076 and V.R.P.P. 66(d).

(2) To appeal the probate division's temporary entry order dated January 2, 2026 in Docket No. 68-2-16 Wnpr.  This decision granted a motion filed by Attorney Paula McCann, on Virginia Black's behalf to temporarily keep Virginia Black in the St. Johnsbury Rehabilitation Center while she continues to recover from a broken femur.

(3) To obtain an Order that Virginia Black is to be returned to her home in Barre, Vermont.

(4) To obtain an Order that Virginia Black's most recent advanced directive be recognized as the controlling document under 14 V.S.A. § 3075.

(5) To have the February 13, 2026 Hearing scheduled in Docket No. 68-1-16 Wnpr cancelled.

As explained below, these requests are **Denied**, however, the Court will extend the discovery deadline in the present matter by 30 days, which will extend the discovery deadline from March 1, 2026 to April 1, 2026..

1. **Request to Pause the Present Litigation**

As to the first issue, the granting or denying of a stay is addressed to the broad discretion of the trial court within its authority to control and manage its docket. *In re Woodstock Community Trust and Housing Vermont PRD*, 2012 VT 87, ¶ 36.

In this case, Ms. Black seeks a pause in discovery as she admits that she has not completed such discovery because she has been focused on the Advanced Directive issues in her Mother's Guardianship case in Docket No. 68-2-16 Wnpr. Against this consideration, the Court must balance two other factors. First, this appeal has been pending for nearly two years with little progress. The Court is obliged to shepherd cases in a timely matter, and to keep cases moving toward a final disposition. In the present case, the Court has indicated to the parties that there needs to be forward progress toward a final hearing on Ms. Black's appeal. Second, the other parties to this matter are entitled to finality. In particular, Ms. Buckholtz, the former guardian, is entitled to a final determination on her fees—whether they are affirmed or denied.

Taking these factors together, the Court finds that Ms. Black's situation does not warrant a pause in the present litigation. The Court will, however, grant Ms. Black a one-time extension of 30 days to push the discovery deadline from March 1, 2026 to April 1, 2026. The Court finds that this limited extension will not impede the progress of the case and will not adversely affect the other parties. This limited extension gives Ms. Black the chance to complete discovery, but it is limited because the purpose of discovery deadlines is to create an end to this process and to allow the matter to move forward.

For these reasons, Plaintiff's request for a stay is **Denied**, but the Court will **Grant** a limited extension.

2. **Request to Appeal and Reverse the Probate Division**

Ms. Blacks' second, third, fourth, and fifth issues in her motion all relate to the Probate Division's January 2, 2026 Order and its upcoming February 13, 2026 Hearing. These matters relate to two issues. The first is whether Virginia Black should remain in the St. Johnsbury rehabilitation center where she is currently staying after breaking her leg in her home. The second is whether Virginia Black's 2018 Advanced Directive or a later Directive should apply to guide her care.

While an interested party may take an appeal to the civil division from the probate division, the order which is sought to be appealed must be a "final order" as to the subject matter

of the appeal. *In re Estate of Thomas*, 2022 VT 59, ¶ 7. If an order is not final, then the civil division lacks the authority and jurisdiction to review or take up the matter. Id. at ¶¶ 7, 8.

In the present case, the January 2, 2026 Order by its name and express terms is "temporary." As a temporary order, this Court does not, at this time, have the authority to review it, and the probate division retains jurisdiction on this matter. For these reasons, the motion to appeal the January 2, 2026 probate division order and to order Viriginia Black to be returned to her Barre home is **Denied.**

As to the issue of the Advanced Directive, Ms. Black's arguments appear to focus both on alleged illegality of the present situation and her belief that the probate judge is biased against her. Neither of these issues give this Court authority or jurisdiction to remove the matter from the probate division to the civil division. Id.

Ms. Black's arguments concerning illegality are premised on the assumption that (1) her filings and her position represent her mother's true wishes and (2) that any other direction advocated by either her sister, Deborah, or any of the other parties to this case represent a false usurpation of these true wishes. This may be crystal clear to Ms. Black, but it remains the role of the probate division to make these determinations and to review all of the evidence and documents to make findings and draw legal conclusions. If Ms. Black disputes the final decision of the probate division, then she may appeal. Id. But until such a final decision is rendered, Ms. Black's arguments concerning illegality are simply expressions of her understanding of the facts and her interpretation of the law that have not been tested by the hearing process that is necessary before this court can take appellate jurisdiction of the matter.

As to allegations of bias against Judge Kilgore of the probate division, these are not sustained by the record before the Court, but if Ms. Black believes there is new and substantial evidence going to this issue, her remedy is to seek the judge's recusal by filing her reasons in writing. Such a filing would be reviewed by the Chief Superior Court Judge who would render a decision. This is the same process that Ms. Black invoked in 2024, and it remains available as the primary process to address this allegation.

For these reasons, the Court finds no grounds or jurisdiction to either grant the present motion's request for emergency relief or to take jurisdiction of the present matter, which properly remains before the probate division. As such, the Court will not rule on the request to

cancel the February 13th hearing or address the issues of either Virginia Black's placement in the St. Johnsbury Rehabilitation Center or the proper Advanced Directive.

## ORDER

Ms. Black's Motion is **Denied.** The Court will, however, extend the discovery deadline in the present case by 30 days and enlarge the discovery timeframe to April 1, 2026.

Electronically signed on 2/10/2026 6:19 PM pursuant to V.R.E.F. 9(d)

_____

Daniel Richardson
Superior Court Judge